## FERGUSON *v.* RAMSEY.

PRACTICE.—*Amendment.*—*Name.*—Where the Christian name of a plaintiff is incorrectly stated in the complaint, but properly given in the summons, it is not error in the court to permit the amendment.

COMPLAINT.—*Demurrer.*—A complaint that charged that the defendant, as the agent of the plaintiff, had sold certain real estate and received the money therefor and failed to account, and also charged him with a balance due for personal property sold to him, was held good on demurrer for want of sufficient facts.

ANSWER.—*Statute of Frauds.*—*Answer in Full.*—An answer to this complaint, that as to the sale of the land, it was a charge of the plaintiff against the defendant upon a contract for the sale of land, and that the contract was not in writing, was not a good defence. The complaint was not upon a contract for the sale of land to the defendant. Nor did the paragraph answer the entire complaint.

PRACTICE.—*General Denial.*—*Paragraph Stricken Out.*—A paragraph alleging that the land was, at the time of the sale, the property of the defendant, was properly stricken out, the general denial being also pleaded in answer.

PLEADING.—*Statute of Limitations.*—*Part Payment.*—To an answer of the statute of limitations, a reply that the defendant, within six years, paid on the claim mentioned fifty-one dollars as a part payment, was sufficient.

Ferguson *v.* Ramsey.

PRACTICE.—*Affidavit for Continuance.—Time to Prepare Affidavit.*—A party is not entitled, as a matter of right, to time to prepare an affidavit for continuance. Unless a reason be shown for claiming such time for preparation, the action of the court in refusing it will be affirmed.

AMENDMENT.—*Description of Land.*—An error in the description of the land sold, which was not shown to have mis.ed the defendant, was properly corrected on motion when the error appeared by the evidence.

PRACTICE.—*Reasons for New Trial.—Too General.*—Irregularity in the proceedings of the court, and error of law occurring at the trial, when thus vaguely stated as causes in a motion for a new trial, will not be noticed on appeal.

APPEAL from the Lawrence Common Pleas.

OSBORN, C. J.—This was an action by the appellee against the appellant. The original complaint was in the name of Milton M. Ramsey, plaintiff. The summons was in the name of Alexander, instead of Milton. The court gave the appellee leave to amend his complaint, by substituting his true name, to correspond with the name in the summons, to which the appellant excepted. There was no error in this action of the court. 2 G. & H. 118, sec. 99; *Abshire* v. *Mather*, 27 Ind. 381.

The complaint alleges that the appellant, as the agent of the appellee, sold certain real estate, and received the money therefor, and failed and refused to pay it to the appellee on demand; and that he owed him a balance for a span of horses, sold to him. A demurrer to the complaint was overruled, and the appellant excepted. The demurrer was correctly overruled. The action was not as the appellant supposed, upon a contract for the sale of land, but to recover the amount received for land sold by an agent and a balance due on the sale of horses.

The appellant filed an answer in six paragraphs; first, general denial; second, that as to the sale of the lands, it was a charge of the plaintiff against the defendant upon a contract for the sale of land, and that the contract was not in writing; third, the statute of limitations; fourth, that the land sold, at the time of the sale, was the property of the defendant; fifth, payment; sixth, set-off.

The appellee filed a demurrer to the second paragraph of

Ferguson *v.* Ramsey.

the answer, which was sustained. He also moved to strike out the fourth, which was sustained. To the fifth and sixth, a reply of general denial was filed. To the third, there was a reply filed of two paragraphs; first, that the cause of action did accrue within six years before the commencement of the action; second, that within six years, the defendant paid the plaintiff fifty-one dollars, as a part payment of the claim in the complaint. The appellant filed a demurrer to the paragraph of the reply alleging a partial payment within six years, which was overruled. He then moved the court for a continuance, and asked time to prepare an affidavit in support of the motion. The motions were overruled.

The cause was tried by the court, finding for the plaintiff, motion for a new trial overruled, and final judgment on the finding. Proper exceptions were taken.

The causes for a new trial were, first, irregularity in the proceedings of the court, by which the defendant was prevented from having a fair trial; second, the finding of the court was not sustained by the evidence; third, the finding was contrary to law; fourth, error of law occurring at the trial, and excepted to by the defendant; fifth, the damages found by the court were excessive.

The second paragraph of the answer did not contain facts sufficient to bar the action. The action was not instituted to recover on a contract for the sale of land. What we said relative to the demurrer to the complaint applies to the demurrer to the second paragraph of the answer. And, besides, it purported, but failed, to answer the whole cause of action. The fourth paragraph was correctly stricken from the files. The general denial was in, and this was but a repetition of it. Under it no evidence could be introduced, which could not have been under the general denial. The demurrer to the reply was correctly overruled. 2 G. & H. 164, sec. 223; *Conwell* v. *Buchanan*, 7 Blackf. 537.

The court committed no error in overruling the motion, and in refusing to give time to prepare an affidavit for a con-

tinuance. No reason is stated in the bill of exceptions, in a subsequent affidavit, or otherwise, why the affidavit had not been prepared. In the absence of some substantial reason against it, we will presume in favor of the action of the court in such matters. The appellant was not entitled to time to prepare the affidavit as a matter of right. It is only for cause that the court will grant time for that purpose, when the action is called for trial.

The complaint described the lots sold as lots 40, 41, 42,43, 44, and 45, in the town of Mitchell. It appeared in the evidence that the appellee had purchased of Malott several lots in that town, and held a title bond for them; that the appellant was his surety in a guardian's bond, and required security to indemnify himself for loss on account of such suretyship; that the appellee assigned the bond and delivered it to him for that purpose, with directions to sell the lots; that the appellant did sell, and Malott conveyed them to the purchaser, who paid the appellant the purchase-money; that the appellee had settled his guardianship, and the appellant refused to account for, or pay over, the amount received on the sale of the lots. When the deed for the lots was produced by the appellant, it was found that they were not correctly described in the complaint. A correct description was, 140, 141, 142, 143, 144, and 145. The court permitted the appellee to amend his complaint to conform it to the facts proved. 2 G. & H. 118, sec. 99. The appellant did not file his own, or any other affidavit, or otherwise offer to prove that he had been misled. 2 G. & H. 114, sec. 94. The action was to recover for money collected for land sold. There was a mistake in the description. That is the variance complained of. 2 G. & H. 116, sec. 96, does not apply to such a case. The action was not unproved in its general scope and meaning.

The first and fourth causes for a new trial do not sufficiently point out or state the irregularity or error complained of, to raise any question, and, consequently, this court could not properly consider it, for the purpose of correcting any

irregularity or error of the court below, in allowing the amendment complained of, even if such act had been erroneous.

We have examined the evidence, and think it sustains the finding of the court, and that the damages are not excessive.

The judgment of the said Lawrence Common Pleas Court is affirmed, with costs.

*S. W. Short,* for appellant.

*A. D. Lemon* and *N. Crooke,* for appellee.

