STRONG v. THE STATE, EX REL. THE ATTORNEY GENERAL.

JUDGMENT.—*Form of in Criminal Cause.*—A judgment against the defendant in a criminal prosecution, that "It is considered by the court that the defendant do make his fine to the State of Indiana in the sum of," etc., pay costs, and stand committed, etc., is sufficient.

SAME.—*Action to Revive.—Statute of Limitations.*—The statute of limitations of twenty years is a sufficient defence to an action by the State, on the relation of the Attorney General, to revive, and obtain execution on, a judgment rendered against the defendant in a criminal prosecution.

SAME.—*Payment on Debt.—Reply.*—Where, in such case, a payment has been made on such judgment within twenty years, that fact should be replied.

SAME.—*Payment of Costs.*—A payment of the costs accrued in such cause is not such a payment upon the judgment as will relieve it from the operation of the statute.

SAME.—*Part Payment.*—*Presumption.*—A partial payment of a debt, replied to the statute of limitations, raises only a *prima facie* presumption, that such payment is an admission of continued indebtedness.

From the Whitley Circuit Court.

*J. S. Collins* and *J. W. Adair*, for appellant.

C. B. *Tulley* and *C. A. Buskirk*, Attorney General, for the State.

BIDDLE, C. J.—Complaint to revive a judgment, and for execution.

It is shown in the complaint, that the State of Indiana, on the 6th day of April, 1854, recovered a judgment, in the court of common pleas of Whitley county, against the appellant, by way of a fine, for the sum of twenty dollars, and costs of suit taxed at six dollars and forty-eight cents; that the defendant, on the 17th day of November, 1855, paid the six dollars and forty-eight cents in and for the costs of said suit; that the judgment is unpaid, etc. Prayer, etc.

The present action was commenced on the 27th day of August, 1875.

A demurrer to this complaint, alleging as ground the insufficiency of the facts stated, was overruled, and exceptions reserved by the appellant.

The appellant then pleaded:

First. General denial;

Second. That the action did not accrue within twenty years; and,

Third. The same as the second, except that it sets out the dates of the judgment, of the payment of the costs, and of the commencement of this suit.

Demurrers to the second and third paragraphs of answer, upon the ground that they did not state facts sufficient to constitute a defence, were sustained, and exceptions reserved by the appellant.

Trial by the court, on the issue of general denial; finding for the appellee, and, over a motion for a new trial and exception, a judgment of revivor and for execution; appeal.

The questions thus raised are assigned as errors.

The appellant insists, that the complaint does not show that a sufficient judgment was rendered against him, in favor of the State, either for the fine or costs. The language of the judgment is as follows:

" It is therefore considered by the court, that the said defendant, Ephraim Strong, do make his fine to the State of Indiana in the sum of twenty dollars, pay the costs of this proceeding, and stand committed," etc.

We think this is a sufficient judgment for the fine and costs. It is in the usual form in rendering judgment for fines and costs.

But, in our opinion, the court erred in sustaining demurrers to the second and third paragraphs of answer. Either of them is good. If the facts are true as alleged, they constitute a good bar to the action. If the appellee wanted the benefit of the partial payment of the debt, the facts should have been replied. An admission of continued indebtedness may be inferred from the fact of part payment, but the court is not allowed to imply such admission as an inference of law. It must be left as a fact to the jury or court trying the cause. It is only *prima facie,* and may be rebutted by evidence. Besides, to take the case out of the statute by a part payment, it must appear that the payment was made on the debt for which the action was brought. We do not think, that the payment of the costs, as alleged in the complaint, was a payment on the debt due to the State. The costs might have been due to other parties, and wholly independent of the judgment in favor of the State. A payment of the costs could not be construed to mean an acknowledgment of the continuance of any debt except the costs.

These principles are fully sustained by the following cases

in our own reports, and by many others from other States cited therein: *Carlisle* v. *Morris*, 8 Ind. 421; *Elliott* v. *Mills*, 10 Ind. 368; *Prenatt* v. *Runyon*, 12 Ind. 174; *King* v. *Manville*, 29 Ind. 134; *Kisler* v. *Sanders*, 40 Ind. 78; *Ferguson* v. *Ramsey*, 41 Ind. 511; *Ketcham* v. *Hill*, 42 Ind. 64.

The judgment is reversed, with costs, and cause remanded, with instructions to overrule the demurrers to the second and third paragraphs of appellant's answer, and for further proceedings.