## GEORGE F. CAMPBELL vs. J. T. BALDWIN.

Suffolk. Nov. 17, 1880. — Jan. 7, 1881. LORD & SOULE, JJ., absent.

If the assignee of a mortgage of real estate containing a power of sale sells the mortgaged premises, and, after paying the expenses of the sale, applies the balance to the mortgage debt, this does not operate as a part payment on the note, so as to take it out of the operation of the statute of limitations as to the mortgagor, who, at the time of the sale, had conveyed the premises to a third person, who agreed to pay the note.

CONTRACT to recover a balance due the plaintiff for work and materials furnished in painting two houses belonging to the defendant. Writ dated September 14, 1878. The defendant admitted the debt, and filed a declaration in set-off upon a witnessed promissory note, dated October 11, 1870, signed by the plaintiff and his wife, payable in two years from June 9, 1870, to the order of Joseph C. Bates, and secured by a mortgage of real estate containing a power of sale. Answer, the statute of limitations. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, which appear in the opinion.

*O. T. Gray & W. C. Cogswell*, (*J. H. Appleton* with them,) for the plaintiff.

*W. E. L. Dillaway*, for the defendant.

MORTON, J. The statute of limitations is a bar to the note declared on in the defendant's declaration in set-off.

When, as in this case, the defendant relies on a claim by way of set-off to which the statute of limitations is alleged as a defence, the same rules prevail, and the limitation is to be applied in the same manner, as if an action had been commenced on the same demand at the time when the plaintiff's action was commenced. Gen. Sts. c. 130, § 18.

The cause of action upon the note in question accrued more than six years before the plaintiff's action was commenced; and the case is not within the provisions of the statute, which except " any action brought upon a promissory note signed in the presence of an attesting witness," because the action on the note by way of set-off is not " brought by the original payee or his executor or administrator." Gen. Sts. c. 155, §§ 1, 4.

The statute is, therefore, a defence to the note, unless the agreed facts show that the plaintiff has made such a payment thereon within the six years as avoids the statute. The note was secured by a mortgage of real estate containing a power of sale. Soon after the note and mortgage were executed, the plaintiff and his wife, being the mortgagors, conveyed the mortgaged estate to John Moyle and Thomas McLaren, who, as a part of the consideration, assumed and agreed to pay the mortgage note. Moyle and McLaren thereafterwards paid the interest upon the note up to June 9, 1874.

In June 1878, the defendant, being the assignee of the mortgage, duly sold the premises under the power contained in the mortgage for the sum of sixty dollars. Of this sum, after paying the expenses, there remained twenty dollars applicable to, and which the defendant intended to apply to, the mortgage debt, though he did not in fact indorse it upon the mortgage note. He now contends that this operates as a part payment on the note, made by the plaintiff through the defendant as his agent, which takes the note out of the operation of the statute of limitations.

The ground upon which a part-payment is held to take a case out of the statute is, that such payment is a voluntary admission by the debtor that the debt is then due, which raises a new promise by implication to pay it or the balance. To have this effect, it must be such an acknowledgment as reasonably leads to the inference that the debtor intended to renew his promise of payment. *Roscoe* v. *Hale*, 7 Gray, 274. *Stoddard* v. *Doane*, 7 Gray, 387. *Richardson* v. *Thomas*, 13 Gray, 381.

In the case at bar, the plaintiff executed a mortgage in which he gave to the mortgagee a power to sell the estate and to appropriate the proceeds to the payment of the mortgage debt. But this cannot fairly be construed as an authority to the mortgagee to make a new promise on behalf of the mortgagor to pay the debt, so as to avoid the statute of limitations. At the time of the sale, the plaintiff had no interest in the property. He had no right to the proceeds of the sale. The money which, it is claimed, was applied in part payment of the note, was not his money. It would be applied by law to the extinguishment *pro tanto* of his debt, but the application was not under his control

and involved no action of his mind. It does not appear that he had any knowledge of the sale. It is absurd to say that the facts in this case would fairly lead to the inference that the plaintiff intended to renew his promise to pay the note.

*Judgment affirmed*