### JAFFRAY v. STEEDMAN.

1. ASSIGNMENT FOR CREDITORS—PREFERENCES.—It is the policy of the law to promote equality among the creditors of insolvent debtors; but a preference given by a deed of assignment to all creditors who shall, on or before a day and hour named, two months after the execution of the deed, "accept in writing the terms of the assignment; and in consideration thereof execute a release of their claim against" the assignor, does not violate the law against preferences, Gen. Stat., § 2014.

2. IBID.—IBID.—Several creditors gave notice in writing to the assignee, before the time fixed, that they would accept the terms of the assignment, but only one accompanied his notice with a release of his claim against the assignor. *Held*, that both acceptance and release were required as a condition of the preference, and acceptance alone did not operate as a release within the requirements of the deed and in the sense of the same language as found in the statute. Therefore the releasing creditor was the only one who was entitled to the preference declared by the deed.

3. IBID.—IBID.—CONSTRUCTION OF DEEDS.—The court cannot hold that acceptance of "the terms of the assignment" was tantamount to a release, for that would ignore the requirement for the execution of a release, and thereby violate the rule of construction, that, if possible, effect should be given to every part of an instrument. And, besides, acceptance of the terms of the assignment might as well apply to that part which made provision for non-releasing creditors.

Before WITHERSPOON, J., Kershaw, September, 1890.

This was an action by Edward S. Jaffray and others, as survivors of Edward S. Jaffray & Co., against J. Blake Steedman, assignee of N. T. Purdy & Co. and agent for the creditors, and John C. Man, commenced April 26, 1890. The Circuit decree was as follows:

N. T. Purdy & Co., formerly merchants at Camden, made an

assignment for the benefit of their creditors on the 25th day of January, 1890. The plaintiffs are creditors of N. T. Purdy & Co. The defendant, J. Blake Steedman, is the assignee under said deed of assignment, and was also appointed as agent of the creditors of N. T. Purdy & Co. The defendant, John C. Man, is also a creditor, and has been made a defendant as a representative of the other numerous creditors of N. T. Purdy & Co. The plaintiffs claim that they are the only creditors of N. T. Purdy & Co. who have within the time limited under said assignment complied with the conditions of preference imposed by the assignors, and have brought this action to compel the assignee to pay their claims before applying the proceeds of the assigned estate to the other creditors of N. T. Purdy & Co. In the respective answers, the defendants allege that numerous other creditors of N. T. Purdy & Co. besides the plaintiffs notified the assignee in writing of their acceptance of the terms of the assignment within the period limited in said assignment, and the defendants allege that all of such accepting creditors are entitled under said assignment to share ratably with the plaintiffs in the proceeds of the assigned estate.

The cause came on to be heard upon the pleadings and admitted statement of facts and the argument of counsel. No question is made as to the validity of the deed of assignment, and the only controversy is as to the right of the plaintiffs to priority over the other accepting creditors in the application of the proceeds of the assigned estate. After providing for the payment of all just and reasonable expenses, the assignee is directed under the deed of assignment to apply the proceeds of the assigned estate as follows: "Second, to pay and discharge in full, with legal interest thereon, if the residue of such proceeds is sufficient for that purpose (but if not, then ratably and in proportion without any priority or preference whatever), the claims of all of said creditors who shall at or before twelve (12) o'clock m. on the 25th day of March, 1890, accept in writing the terms of this assignment; and in consideration thereof execute a release or releases of their claims against the said parties of the first part. Third, and then and next to pay and discharge in full, with legal interest thereon, if the residue of said proceeds is sufficient (but ratably and in

proportion if it be not sufficient), the claims of all and every other of said creditors without any priority or preference whatever.''

It is admitted that the assignee gave notice to the creditors of the execution of the deed of assignment, and that he read the deed of assignment to the creditors assembled in pursuance of such notice. It is also admitted that a large number of the creditors of N. T. Purdy & Co., including plaintiffs, notified the assignee in writing of their acceptance of the terms of the assignment on or before the 25th day of March, 1890. At the time plaintiffs gave the assignee notice of their acceptance of the terms of the assignment, they also delivered to the assignee a release under seal of their claim against the assignors. It is admitted that plaintiffs are the only creditors who executed a release in addition to the acceptance on or before the 25th day of March, 1890. Under these circumstances plaintiffs claim that they are entitled to priority under said deed of assignment.

Section 2014 of the General Statutes authorizes insolvent debtors to impose as a condition of preference that creditors should accept the terms of the assignment and release the claims against the assignors. It seems to me that the statute contemplates that the acceptance and release by the creditor must constitute one and the same act. The release of the debt referred to in the statute implies a more solemn obligation than a mere acceptance of the terms of the assignment. I am satisfied that the assignors intended to impose a limit to the performance of the condition of preference as authorized under section 2014 of the General Statutes. It is conceded that only such creditors are entitled to preference as have complied with the terms of the assignment within the period limited within the second paragraph of the assignment, but it is urged that said limit as to time does not apply to or include the executing of a release of the creditors' claims as a condition of preference.

Attention is called to the punctuation to show that the limit as to time for the performance of the conditions does not apply to the executing of the release of the creditors' claims. Both conditions of preference are imposed in the same sentence that limits the time for the creditors to perform or comply with said conditions. I fail to see how the time limited by the assignors for

the performance of the conditions of preference by the creditors can be construed to apply to the mere acceptance, and not to the more important condition of the *release* by the creditor of his claim or debt.  It seems to me that the adoption of the construction of the second paragraph of the deed of assignment urged by the defendants would defeat the intent and object of the assignors in limiting the time within which creditors were to be allowed to comply with the conditions of preference.  I conclude that the second paragraph of the deed of assignment under consideration required the creditors of N. T. Purdy & Co. to *release* their claims on or before the 25th day of March, 1890, as a condition of the preference provided for in said paragraph.

The point in this case was not before the court in the case of *Trumbo, Hinson & Co.* v. *Hamel & Co.* (29 S. C., 520), but by reference to pages 527 and 528, it will be observed that a similar interpretation is placed upon an assignment almost identical *in terms* with the second paragraph of the deed of assignment *now under consideration.*

I find as matter of fact that the plaintiffs are the only creditors who complied with the conditions of preference imposed within the time limited in the second paragraph of the deed of assignment of N. T. Purdy & Co.  I conclude as matter of law that the plaintiffs are entitled to be *first paid* their claim by the assignee out of the proceeds of the assigned estate.  No sufficient reason appears for requiring the assignee to account before the court as prayed for by plaintiffs.

It is ordered and adjudged. that after paying the costs of this action to be taxed by the clerk, the defendant, J. Blake Steedman, as assignee of N. T. Purdy & Co., do apply and pay to plaintiffs, as survivors of E. S. Jaffray & Co., so much of the proceeds of the assigned estate of N. T. Purdy & Co. as may be necessary to discharge in full the claim of said plaintiffs against N. T. Purdy & Co.

Defendants appealed on the grounds copied into the opinion.

*Messrs. W. M. Shannon, J. T. Hay. O. L. Winkler,* and *Mordecai & Gadsden,* for appellants, *cited* Gen. Stat., § 2014;

Burr Assign., 311, 477, 478, 479; 24 S. C., 493; 14 *Id.*, 44; 29 *Id.*, 520; Perry Trusts, § 593; Coop., 104; 1 Vern., 260; 3 DeG., F. & J., 110; L. R., 10 Eq., 554; 1 Dru. & War., 227; 4 Beav., 642; Pom. Eq. Jur., §§ 385, 417, 451; 129 U. S., 341; 52 Ill., 260; 32 S. C., 497; 1 Rich. Eq., 222; Dud-ley, 50; 2 Barn & Adol., 328.

*Messrs. Lee & Moise,* contra, *cited* 5 Rich., 190; 14 S. C., 50; 23 *Id.*, 235; 74 Amer. Dec., 690; 77 *Id.*, 507; 2 Strob., 207; Pull. Merc. Acc., 18; Burr Assign., 287, 427, 477, 478, 485–487; McMull. Eq., 451; 34 Am. Dec., 539; 4 Wash. C. C., 232; 1 Edw. Ch., 195; 3 Sandf., 545; 27 La., 631; 9 Barr. (Pa.), 504; 78 Penn., 452; 78 Ky., 527; 29 S. C., 527; 4 *Id.*, 258; 1 Sergt. & R., 398; 2 Paige, 490; 21 N. Y., 168; 2 Kent, 534; 8 Ind., 100; 11 Wend., 187; 141 Mass., 257; 133 *Id.*, 26; 21 Pick., 239; 12 Rich., 304; 66 Texas, 373; 8 S. C., 273; 24 *Id.*, 493; Burr. Assign., 14, 164, 363; 8 Wheat., 268; 2 Hill Ch., 443; Rice, 353; 81 N. Y., 424; Wait Fraud. Conv., § 316; Bish. Insol. Debt., § 104; 1 Am. & Eng. Encycl. L., 845; Perry Trusts, 597.

February 15, 1892.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   N. T. Purdy & Co., on January 25, 1890, executed a voluntary deed of assignment for the benefit of their creditors to J. Blake Steedman as assignee, by which he was directed to convert the assigned estate into money, and from the proceeds thereof to pay as follows: "First, to pay and discharge all the just and reasonable expenses, costs, and charges connected with and for carrying into effect this assignment and the trust hereby created.   Second, to pay and discharge in full, with legal interest thereon, if the residue of the proceeds is sufficient for that purpose (but if not, then ratably and in proportion, without any priority or preference whatever), the claims of all said creditors who shall, at or before twelve (12) o'clock m. on the 25th day of March, 1890, accept in writing the terms of this assignment; and in consideration thereof execute a release or releases of their claims against the said parties of the first part.

Third, and then and next to pay and discharge in full, with legal interest thereon, if the residue of said proceeds is sufficient (but ratably and in proportion, if it be not sufficient), the claims of all and every other of said creditors without any priority or preference whatever," &c.

It is admitted that a large number of the creditors of Purdy & Co., on or before the day and hour indicated in the assignment, filed their claims with the assignee, and accepted and gave notice in writing to the assignee that they did accept the terms of the deed of assignment. The plaintiffs (respondents) on March 25, 1890, in addition to filing their claim and a written notice of an acceptance of the assignment, filed with him a formal release under seal of their claim against Purdy & Co. No creditor of Purdy & Co., other than the plaintiffs, have filed a formal release of their claims against Purdy & Co. with the assignee, either under seal or in a separate written instrument.

Under these circumstances the plaintiffs, claiming that they are the only creditors who have complied with the terms and conditions of the assignment, commenced this action against J. Blake Steedman, as assignee and agent, and John C. Man, as a representative creditor, to have paid to them first their whole claim due to them by Purdy & Co. The defendants in their answers deny that the plaintiffs are the only creditors of Purdy & Co. who have complied with the terms and conditions of the assignment, and are alone entitled to have their claim, which is a large one, first paid in full. They deny that it was necessary, under the terms of the assignment, for any creditors to execute a separate formal written release under seal, at the time of accepting under the assignment.

The cause came on for trial before his honor, Judge Witherspoon, who decreed as follows: "I find as matter of fact, that the plaintiffs are the only creditors of N. T. Purdy & Co. who complied with the conditions of preference imposed, within the time limited in the second paragraph of the deed of assignment. And I conclude as a matter of law, that the plaintiffs are entitled to be first paid their claim by the assignee out of the proceeds of the assigned estate. No sufficient reason appears for requiring the assignee to account before the court as prayed for by plaintiffs."

From this judgment the defendants appeal upon the following grounds: "I. That his honor erred, in concluding as matter of law, that the plaintiffs are entitled to be first paid their claim by the assignee out of the assigned estate. II. That his honor erred in finding as a matter of fact that the plaintiffs are the only creditors who complied with the conditions of preference imposed within the time limited in the second paragraph of the deed of assignment. III. That his honor erred in directing the assignee to apply and pay to plaintiffs' claim so much of the proceeds of the assigned estate of Purdy & Co. as may be necessary to discharge their claim in full. IV. That his honor erred in not finding that all creditors of Purdy & Co., who accepted in writing by 12 o'clock m., March 25, 1890, the terms of the deed of assignment, were entitled to participate in the distribution of the assets of the said estate. V. That his honor erred in not finding that it was unnecessary for the accepting creditors to execute a release at the time of filing the notice of their acceptance under the terms of the assignment. VI. That his honor erred in not finding that the time mentioned in the second paragraph of the assignment, referred exclusively to the act of accepting by the creditors and not to their executing a release. VII. That his honor erred in not finding that the acceptance of the terms of the assignment was in effect the execution of a release to the assignors."

It is undoubtedly the policy of the law to promote equality among the creditors of insolvent debtors. Section 2014 (General Statutes) declares that all assignments for the benefit of creditors shall be without preference or priority of any kind whatsoever, "save only as to debts due to the public, and save only as to such creditors as may accept the terms of such assignment and execute a release of their claim against the debtor," &c. It is manifest that the purpose of this assignment was to give the same rights to all the creditors. It is true, it classified the creditors, leaving it, however, to themselves to elect under which class they would come in, those to be first paid who shall, at or before a given time, accept in writing the terms of the assignment, and in consideration thereof execute a release or releases of their claims against the parties of the first part; and then and next to pay all other creditors in full or *pro rata* with-

out requiring release, &c. This did not violate the law against preferences. *Trumbo, Hinson & Co.* v. *Hamel & Co.*, 29 S. C., 527.

It seems that all the creditors gave notice in writing of their acceptance of the terms of the assignment before the time limited for that purpose; but that none of them executed "releases" of their claims except the plaintiffs, who executed and delivered a formal release of the balance of their claim against the debtors; and they now insist that they alone of all the creditors complied with the terms of the assignment, as to the class of creditors provided for in paragraph No. 2, and that therefore they are entitled to be first paid. The Circuit Judge so ruled, and the only question in the case is whether that ruling was error.

All agree that the plaintiffs are entitled to stand in class No. 2; but it is insisted that all the other creditors who accepted in time the terms of the assignment are, notwithstanding they executed no releases, also entitled to be ranked in that class, on the grounds: that the assignment did not require the release to be executed within the time fixed for its acceptance and, indeed, may be still executed; but if not, that there really was no necessity for the execution of a formal release, as the written acceptance itself operated as a satisfaction in full of the balance of the accepting creditors' claims, and therefore in fact and in law constituted a "release" in the sense of the statute and of the assignment, which is in the same terms. The words of the assignment are very clear and positive: "shall, at or before [a day and hour named], accept in writing the terms of the assignment; and in consideration thereof execute a release or releases of their claims," &c. Two things were required—acceptance and release—upon the same subject matter, one the supplement of the other, and coupled together by the word "and" in the same sentence. It seems to us that, from the mere reading, it must be obvious that the intention was that both the acceptance and release should be within the time indicated.

But it is further contended that the acceptance in writing alone should be regarded as tantamount to a release, and that the clause expressly requiring the execution of releases may be regarded as surplusage. The court has no dispensing power, and we do not think that we are at liberty to

expunge the clause by construction. If acceptance alone was, to all intents and purposes, a release, we do not see why the requirement as to releases should have been superadded. It is one of the well known rules of construction that, if possible, effect should be given to every part of an instrument. There is another reason peculiar to this case, which may increase the difficulty of holding that the acceptance of the terms of the assignment amounted to a release. It will be observed that there are two classes of creditors provided for by the assignment. In one of them, No. 3, no release is required. When a creditor merely gave notice of his acceptance of the terms of the assignment, who could say that he did not mean to accept that class of the assignment which required no release? "Where a time is expressly limited by the assignment, within which the release must be executed, it must be executed within such time in order to secure the creditor a share in the distribution by the assignee, and, if it be signed afterwards. the releasor can take nothing under the assignment." Burrill on Assignments, sections 427, 477, and 486; *Pearpoint* v. *Graham*, 4 Wash. C. C., 232. In the *Bank of Newberry* v. *Walker & Glenn* (12 Rich., 304), an assignment provided that any creditor, to avail himself of the provisions of the assignment, should within six months accept its provisions in writing, and in consideration thereof release the debtors from liability. "*Held*, that payments made by the assignee to a bond creditor did not amount to an acceptance, according to the terms of the assignment, so as to discharge the obligors from liability for the balance of the bond which remained unpaid."

We do not think the cases relied upon by the appellants sustain their view. In *Arnold* v. *Bailey* (24 S. C., 493), the assignment did not require the execution of a release, but provided that every accepting creditor shall receive the sum which may be apportioned to him in full satisfaction: "*Held*, that the acceptance in writing of the terms of an assignment, and especially a receipt of a portion of the proceeds of the assigned estate, is a sufficient consideration to support the agreement to accept in full," &c. In *Pierce, Butler & Co.* v. *Jones & Son* (8 S. C., 273), the same principle was announced, "that there was consideration to support an agreement, though in parol, to accept from the insolvent

debtor twenty-five cents on the dollar in full discharge of the debt," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.