## L. AHLO *vs.* TAI LUNG.

### EXCEPTIONS.

HEARING, SEPTEMBER 21, 1893.   DECISION, NOVEMBER 2, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Where the trial Judge allowed and gave a request for instruction in writing and modified it by an addition thereto, the addition being taken down by a stenographer and thereafter transcribed and filed, the statute (Chap. 56, Laws of 1892), was complied with.

Part payment on a note made by an assignee under an assignment by the maker of all his property to realize upon and distribute among his creditors pro rata, is not a payment from which a new promise of the original debtor could be inferred to take the note out of the statute of limitations.

Mere acceptance of a pro rata dividend on an assignment for the benefit of creditors does not imply an agreement to relinquish the residue of the debt.

The deed of assignment did not contain an agreement that the receipt by the creditor of his proportion of the proceeds of the debtor's property should be in full satisfaction of the debt and the creditor made no promise to that effect :   Held, it was erroneous to instruct the jury that if they find that the acceptance of a smaller sum by the creditor was in full satisfaction for the note, they might find for the defendant.   The charge should have been that there was no evidence of a release or of any agreement for a release of the claim by the plaintiff.

A collateral benefit such as the prompt payment of proceeds of a debtor's property to his creditors would be a valid consideration to support an agreement for the relinquishment of the residue of the debt—if such agreement had been made.

OPINION OF THE COURT, BY JUDD, C.J.

This is an action of assumpsit to recover the balance due on a promissory note payable on demand made by Tai Lung Co. in favor of L. Ahlo for $764.20, dated the 2d April, 1883. It appears that on the 14th June, 1885, the defendant, then being a storekeeper in Kohala, Hawaii, under the name of Tai Lung & Co., made an assignment of all his property to Kimo Pake and C. Bolte, to realize upon and distribute among his creditors pro rata. The assignees sold the property and paid dividends, to the creditors in 1886, one of 15 per cent. on February 11th, and the final one of 7½ per cent. on the 16th July. On these dates H. Hackfeld & Co. were owners of the note in question, by delivery and indorsement in blank, L. Ahlo, waiving notice, protest and demand, and this firm indorsed on the note, "Rec'd 1st dividend of estate of T. L. & Co. Feb. 11, '86—$145.52; July 16, '86—$72.76." The note also bears the statement written across its face, "Settled July 17, '86, by L. Ahlo. H. H. & Co. by E. Suhr;" and it thereby became again the property of the plaintiff. The sum claimed in the declaration amounted, with interest to 7th June, 1892, when the declaration was sworn to, to $929.89. The statute of limitations was pleaded, and it had run against the note at the date of suit (six years from the date of the note being April 3, 1889), unless the last payment made, 16th July, 1886, took the note out of the statute. The jury found a verdict for the defendant.

The plaintiff's bill of exceptions raises as the first point, that the trial Judge of the Circuit Court, First Circuit, in giving the second instruction to the jury asked for by the plaintiff having modified it, did not observe the terms of the statute governing such cases, to wit, Sec. 5, Chap. 56, Laws of 1892. The charge asked for was:

"If the jury believe from the evidence that defendant, or any one on his behalf, and with his sanction, made a payment on account of said note within six years prior to

June 24, 1892, then the statute of limitations has not yet run against it." The Court allowed this instruction and gave it, adding, "That is to say, that it is evidence that there has been a new promise that the statute does not run." This second request for instruction is marked "allowed" in the margin, and the addition made by the Court was delivered orally and taken down by the stenographer and transcribed. The statute referred to directs the Court to write in the margin of requests for instructions, "given" or "refused," according as the Court shall approve or disapprove of them. It also prescribes that it is competent for the Court to modify an instruction, and to give in its modified form, "but in such manner that it shall distinctly appear what instruction was given and what refused, in whole or in part. All written requests for instructions shall be filed in the cause, and shall be part of the record therein; and the Court shall in no case orally qualify, modify or explain the same to the jury." Sec. 2 of the Act requires the Court to reduce its charge to writing and read it to the jury. Sec. 3 is as follows: "In cases where an official stenographer is present and taking notes of the trial proceedings, it shall not be necessary for the Court to reduce its charge to writing, but such charge may be orally given and noted by such stenographer." Then follows directions in regard to transcribing these notes, certifying and filing them, etc. This last quoted section must be read together with the last clause of Sec. 5 and the two mean together that the Court shall not orally qualify, modify or explain the charge to the jury unless the whole charge shall be taken down at the time by the stenographer and thereafter transcribed and filed. The object of these provisions is to secure in writing as a part of the record of the case the exact words of the Court in giving the law to the jury, so that it would not be dependent on mere memory for its reproduction. We consider that the statute was complied with in this case.

The addition made by the Court was good law. Angell on Limitations, Sec. 240, says, "An acknowledgment or new

promise may be inferred from the fact of part payment of a contract within six years," etc. Part payment is only prima facie evidence and may be rebutted by other evidence, and by the circumstances under which it is made. Cases cited in Note to Angell, Sec. 240. The Court cannot imply a promise from the mere fact of part payment as an inference of law. It must be left to the jury. *White vs. Jordan,* 27 Me., 370.

We will next consider the exception taken to the granting of the defendant's request for instruction, "that payments on account on plaintiff's note made by defendant's assignee without defendant's authority are not evidence of a new promise on the part of defendant and will not take the note out of the operation of the statute of limitations."

The great weight of authority sustains this proposition. *Reed vs. Johnson,* 1 R. I., 81. The head note is, "A deed of assignment made by a debtor for the payment of certain debts and for the payment of his debts generally, and partial payments made by the assignee to a creditor, is not sufficient evidence of a new promise to avoid the statute of limitations." The facts of this case are very similar to those of the one at bar. They were even more favorable to the plaintiff for the assignor had, after the sale of the property and before payment of the dividend, designated to the assignee the note in suit as one of the claims provided for by the assignment. The court in a well considered decision hold that the assignee for the benefit of creditors is not an agent of the assignor, but an independent contractor, responsible to the creditors for the proper performance of his trust. In *Campbell vs. Baldwin,* 130 Mass., 200, it was said that "the ground on which a part payment is held to take a case out of the statute is that such payment is a voluntary admission by the debtor that the debt is then due, which raises a new promise by implication to pay it or the balance. To have this effect it must be such an acknowlegment as reasonably leads to the inference that the debtor intended to renew his promise of payment." "In the case at bar the plaintiff

executed a mortgage in which he gave to the mortgagee a power to sell the estate and to appropriate the proceeds to the payment of the mortgage debt. But this cannot fairly be construed as an authority to the mortgagee to make a new promise on behalf of the mortgagor to pay the debt, so as to avoid the statute of limitations."

In *Roscoe vs. Hale*, 7 Gray, 274; *Stoddard vs. Doane*, id. 387, and *Robinson vs. Thomas*, 13 Gray, 381, it was held that the insertion of a debt in a schedule of creditors, filed and sworn to by a debtor under proceedings in insolvency is not such an acknowledgment as will take the debt out of the statute of limitations. The payment of a dividend by an assignee under insolvent laws will not take the residue of the debt out of the statute of limitations as against the debtor." In the second of these cases Chief Justice Shaw said: "To have this effect (of a new promise) it is manifest that the payment must be made by the debtor, or by his order, or by an agent fully authorized for the purpose. It is an act of his mind, from which the implied promise to pay the residue of the debt arises. We are of opinion that a payment by an assignee in insolvency is not a payment by the insolvent or his order, within the meaning of this rule. The assignee is bound by law to pay the dividend which has been declared, he is the debtor to that amount. The original debtor cannot delay or prevent such payment if he would. It is not a personal or voluntary act of the insolvent."

This reasoning is applicable to the case at bar, the only difference being that here the assignee takes his authority from the deed of assignment.

It is held in Great Britain that a payment of dividends by an official assignee does not take claims out of the statute. *Davies vs. Edwards*, 6 Eng. L. & Eq., 520. *Everett vs. Robertson*, 1 Ellis & Ellis, 15.

We have found one case where it is held that the payment of a dividend by a trustee, under a deed to trustees in trust for the benefit of creditors, was treated as the act of the

makers by their agent, and as evidence of a new promise. *Barger vs. Durvin,* 22 Barb., 69. But this case is disapproved in *Pickett vs. King,* 34 Barb., 193, where the Court hold that an assignee is not an agent authorized to renew a debt, or take it out of the statute of limitations, as against the assignor. *Pickett vs. King* was affirmed by the Court of Appeals—34 N. Y., 175. In *Roosevelt vs. Mark,* 6 John. Ch., 292, Chancellor Kent uses this strong language—" It is going unreasonably far to construe payments by assignees or trustees who are not parties to the contract, or under any personal obligation to pay or contribute, as meaning more than they plainly import, or as carrying with them sufficient evidence of a renewed personal promise of the original debtor to pay. Such special trusts were not created for any such purpose; and it is perverting the intention of the parties, and is plainly repugnant to the reason and equity of the trust, to make the ordinary execution of the trust the ground of a constructive new assumption of the debt by the debtor."

In *Pickett vs. King, vide supra,* the Court say, " The only promise made by the defendant was made in and by his assignment, and no person is therein authorized to make any new promise for him. It would be highly unjust to allow an assignee, under such construction, to continue and revive a debt of his assignor indefinitely and against his will and without his knowledge." This view is also held in *Parson vs. Clark,* 59 Mich., 419, and in *Marienthal vs. Mosler,* 16 Ohio St. 566. We heartily adopt it. The facts and circumstances of the payment in question not being disputed, and they not showing a new promise by Tai Lung, a direction to the jury might well have been asked for and given that the part payment by Bolte to Hackfeld & Co. did not take the note out of the statute.

The Court in the case at bar charged the jury that " if they believe that while the note was so held by Hackfeld & Co., they received payment of a certain sum upon it under the assignment which, as between the parties, that is to say, Tai Lung and Hackfeld & Co., was in full payment of it, then

that was an extinguishment of the claim. But if you find that it was merely a payment on account and that such endorsements of payments were made by the authority of Tai Lung, that is to say, if Hackfeld & Co. credited these amounts upon the note by the authority or with the consent of Tai Lung, then that is evidence of a new promise and will date from the date of the payment, the latter payment being as I read it July 16th, 1886, the suit having been brought on the 24th June, 1892. If you find from the evidence that Hackfeld & Co. did receive a small portion of the note as full satisfaction for the note, then you must find for the defendant. If, however, you find that they did not do so, but these credits which were made upon the note were by the authority of Tai Lung, then that is evidence for you to consider whether or not there has been a new promise."

Was it proper to leave to the jury the question whether the remainder of the debt was released by Hackfeld & Co.? We find it laid down in well accepted authority that, in general, the acceptance of a less sum of money than is actually due is not a satisfaction of the debt and will not extinguish it, though it was agreed by the creditor to operate as such, as there is no consideration for the relinquishment. This rule is considered so harsh and so violative of good faith that courts are disposed to take out of the rule all those cases where there was any new consideration or where there was any collateral benefit received by the creditor. " Courts have departed from it on slight distinctions." *Kellogg vs. Richards*, 14 Wend., 116 ; *Brooks vs. White*, 2 Met., 285.

" The rule and the reason were purely technical, and often fostered in bad faith."

" The history of judicial decisions upon the subject has shown a constant effort to escape from its absurdity and injustice." *Harper vs. Graham*, 20 Ohio, 106.

The jury had before them the fact of the taking of all the defendant's goods from his store to be sold for the benefit of his creditors. This insured the creditors that the debtor's

property would promptly be applied to their debts and they received 22½ per cent. From these facts the jury might well find that this collateral benefit was a sufficient consideration and so an agreement to accept in full could be supported. This was a much more substantial consideration than some that were held good by the ancient authorities, as in Pinnel's case, 5 Coke, 117, where the gift of a horse or the like is stated to be good consideration though of far less value than the debt released, and as stated in *Sibner vs. Tripp*, 15 M. & W., 37, that if a piece of paper or a stick of sealing wax is substituted the bargain may be carried out.' We find in 18 Am. & Eng. Encyc. of Law, p. 232, that it was held in *Arnold vs. Bailey*, 24 S. Car., 493, that the acceptance in writing of the terms of an assignment for the benefit of creditors, accompanied by a receipt of a portion of the proceeds of the assigned estate, is a sufficient consideration to support the argeement to receipt in full, and neither the acceptance nor the receipt need be under seal."

But in this case, as we find by a reference to it in *Jaffray vs. Steedman* (So. Car.), 14 S. E., 632, the assignment provided that every accepting creditor shall receive the sum apportioned to him in full satisfaction."

In the case before us we do not find any evidence of a release by H. Hackfeld & Co. The deed of assignment does not contain any agreement that the receipt of his proportion by the creditor shall be in satisfaction of the debt or operate as a discharge of the residue. Nor is there any evidence that H. Hackfeld & Co. made any such promise. "An acceptance alone of the terms of an assignment for benefit of creditors is not equivalent to a release." *Jaffray vs. Steedman, supra.* It is held in *Sanborn & Warner vs. Norton & Dentz*, 59 Tex., 308, that a general assignment with no provision for a release by those accepting its benefits does not bar the accepting creditor from collecting the balance due.

Acceptance of a dividend by a creditor who does not sign the deed of assignment which contained an agreement for delay does not preclude him from the right to beging an

action on the note. *Bank of Bellow's Falls vs. Deming*, 17 Vt., 367. We are obliged to hold on authority that from the bare acceptance of the dividend by Hackfeld & Co. cannot be implied a relinquishment of the residue. The trial Judge, however, left it to the jury to find whether the acceptance by Hackfeld & Co. of a small part of the debt was in full satisfaction for the note, which was erroneous. It may be cogently asked what difference it would make with the result, if the jury found that the note was not discharged by Hackfeld & Co., if it was barred by the statute of limitations. The difficulty is this: there were two defences, of the statute of limitations and of a release. The verdict was a general one. Now if the jury considered that a release was duly proven, under the instruction leaving them free to so find, this would be final and they might not have considered the other defense, or whether a new promise to pay the debt was made by Tai Lung after the payment of the dividend.

It is true that the jury may have found against the defendants upon all the points; a special verdict would have made this clear; but as the instruction respecting the release may have misled the jury and diverted their attention from the other points, we are obliged to sustain the exception on this point, being the refusal to grant the fourth instruction asked by plaintiff, and grant a new trial.

The plaintiff also excepted to the verdict as contrary to the weight of evidence. It appears that plaintiff showed a copy of a letter addressed to defendant dated February 6th, 1889, requesting payment of the note, and stated that he received a reply in course of mails in which defendant said he had not then the money to pay, but would settle it by and by. This letter was not produced. Defendant denied receiving the letter and answering it. We find no presumption from the fact that a letter was sent that it was answered or answered in any particular way.

As to other verbal promises said by plaintiff and others to have been given by defendant—these were denied by defendant, and this was left to the jury. It was for them to

decide and not for the Court. We overrule this ground of exception.

*C. W. Ashford,* for plaintiff.
*F. M. Hatch,* for defendant.