Syllabus.

## JOSE V. MACIEL *v.* JOHN W. KALUA.

### No. 1074.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.
HON. W. S. EDINGS, JUDGE.

SUBMITTED MARCH 22, 1918.                    DECIDED APRIL 4, 1918.

COKE, C. J., QUARLES AND KEMP, JJ.

LIMITATION OF ACTIONS—*part payment as evidence of new promise.*

In an action on a promissory note which on its face was barred by the statute of limitations, there appeared an endorsement showing that $450 had been paid by the check of a stranger to the note and no showing was made that he was requested by either of the makers of the note to make the payment or that he was their agent authorized for that purpose, held:    That in order for this payment to have the effect of a new promise it was incumbent upon the plaintiff to show that the one making the payment did so at the request of the debtor or that he was the agent of the debtor fully authorized for that purpose.

SAME—*new promise—time when made must be shown.*

The plaintiff having shown by the note itself that more than six years elapsed between the date on which the note matured and the commencement of action thereon where he relies upon a new promise to take the case out of the statute, the new promise must be shown to have been made within six years of the commencement of the action, otherwise the new promise will itself be barred.

SAME—*same—evidence of new promise.*

Where the debtor stated to the creditor in effect, I am fighting the case against the estate and expect to win out; and then I expect to pay you in full, held:    This is not an unconditional promise to pay and is not sufficient to take the case out of the statute.

OPINION OF THE COURT BY KEMP, J.

This is an action on a promissory note.    The note in question bears date July 10, 1908, and was executed by

Polly Kalua and John W. Kalua. The record shows that Polly Kalua is dead and that the Hawaiian Trust Company is the executor of her estate. The suit is against John W. Kalua as sole defendant, and was commenced July 7, 1917.

The defense was the statute of limitations. The case was tried jury waived, and resulted in a judgment for the plaintiff for the amount claimed. The defendant offered no evidence.

The case is presented to this court on exceptions taken at the trial and to the written decision by the court, said exceptions being as follows:

"Exception No. 1.

"That after the introduction of all of the evidence on the part of the plaintiff, the plaintiff having rested, the defendant moved for judgment against the plaintiff and in favor of defendant on the grounds, to wit:

"First: That the claim of plaintiff is barred by the statute of limitations in that there is no evidence tending to show that defendant, John W. Kalua, ever acknowledged the existence of the debt set forth in the complaint, or voluntarily made any payment thereon, or promised to pay the same after the execution of the instrument.

"Second: That there is no evidence tending to show that W. R. Castle was ever the agent of defendant, or that said W. R. Castle had any authority whatever to act for the defendant herein.

"Third: That there is a variance between the allegations and the proof in that the action is based on a promise of defendant, and the proof discloses an alleged transaction between the plaintiff and some other party, the name not having been disclosed.

"Fourth: That it appears from the evidence that Polly Kalua is the joint and several maker of the note and that the Hawaiian Trust Company has not joined in this action as party defendant.

"The court disallowed and overruled the said motion, to

which said ruling of the court defendant duly excepted (Trans. p. 5).

"Exception No. 2.

"That thereafter, on the 15th day of January, 1918, the court filed a written decision in the above entitled cause in favor of the plaintiff herein and against the defendant herein in the sum of $1,979.50 together with interest, costs and attorneys' commissions, to which said decision defendant filed a written exception on the ground that said decision was contrary to law, the evidence and the weight of evidence, and on the further ground that said decision is not in compliance with Section 2380 of the Revised Laws of Hawaii."

The first and second grounds of exception No. 1 raise similar questions and will be considered together.

It cannot be questioned that plaintiff, having shown by the note itself that more than six years elapsed between the date on which the note matured and the date on which his action was commenced, must go further and show facts which would take the cause out of the statute.

The facts on which the plaintiff relies as having tolled the statute are as follows:

1.   A payment of four hundred fifty ($450) dollars on the note, made July 17, 1911, being interest thereon to July 10, 1911.   This payment is endorsed on the note in the following words and figures:

"July 17, 1911, rec'd on within note, by check of W. R. Castle, by D. H. Case, his Atty. in fact, four hundred & fifty dollars, being three years' int. to July 10, 1911. J. V. Maciel"

The plaintiff, the only witness sworn in the case, testified that there had been $450 paid on the note on the date shown by the endorsement on the note.   He made no statement in his evidence as to who made the payment.   On cross-examination he stated that neither Polly Kalua nor

John W. Kalua gave him the $450. Nothing further was shown as to who paid the $450 or the circumstances under which it was paid.

2. A new promise by the defendant, the evidence of which also comes from the plaintiff and is as follows:

"Q. Ever made demand on Kalua for the amount due? A. Yes. He told me he was fighting the suit against the estate which he expected to win out and then he expect to pay me in full."

There is no other evidence disclosed by the record bearing on this question, the record being silent as to when this statement of the defendant was made.

The question to be determined is whether either the payment of interest under the circumstances as related or the statement of the defendant as set out above is sufficient to take the case out of the bar of the statute. If either one is sufficient the judgment is correct. On the other hand, if neither one was sufficient the judgment of the court is manifestly erroneous and must be reversed.

First as to the payment of the $450. In Angell on Limitations, 6th ed., sec. 240, and the note thereunder it is said:

"An acknowledgment or new promise may be inferred from the fact of part payment of a contract within six years, or from the payment of a smaller, on account of the greater, sum of money due from the party making the payment to the party to whom it is made." "But part payment is only *prima facie* evidence and may be rebutted by other evidence and by the circumstances under which it is made * * * and the court cannot imply a promise from the mere fact of part payment, as an inference of law. It must be left to the jury."

In the case at bar the showing is that the payment was not made by the party from whom it was due, but from the endorsement on the note it is at least to be inferred

that the payment was made by W. R. Castle and he is not shown to have had any liability whatever on the note sued on.

In the case of *Ahlo* v. *Tai Lung,* 9 Haw. 272, the court gave the jury the following instruction:

"That payments on account of plaintiff's note * * * made without defendant's authority are not evidence of a new promise on the part of defendant and will not take the note out of the operation of the statute of limitations."

The charge was excepted to and on appeal the court held the charge to correctly state the law.

"The ground upon which a part payment is held to take the case out of the statute is that such payment is a voluntary admission by the debtor that the debt is then due, which raises a new promise by implication to pay it or the balance. To have this effect it must be such an acknowledgment as reasonably leads to the inference that the debtor intended to renew his promise of payment." (*Campbell* v. *Baldwin,* 130 Mass. 200; *Ahlo* v. *Tai Lung, supra.*)

In *Stoddard* v. *Doane,* 7 Gray 387, it is said: "To have this effect (of a new promise) it is manifest that the payment must be made by the debtor or by his order or by an agent fully authorized for the purpose." See also *Miller* v. *Magee,* 2 N. Y. Supp. 156; *Littlefield* v. *Littlefield,* 91 N. Y. 203, and *Ahlo* v. *Tai Lung, supra.*

Counsel has referred us to one case in which it is said that payment is certain to be made only by those who have some duty or interest to pay (*Lewin* v. *Wilson,* II App. Cas. 645). This might have had some application if the showing had merely been that a payment was made on the note and the date of the payment, but here the plaintiff's own evidence goes further and shows that the payment was not made by either of the persons liable for the payment of the note and inferentially at least that the

payment was made by W. R. Castle, a stranger to the transaction.

Under the circumstances we are of the opinion, and hold, that in order to have the effect of a new promise, the payment having been made by a stranger to the transaction, it was incumbent upon the plaintiff to show that the one making the payment did so at the request of the debtor or that he was the agent of the debtor fully authorized for that purpose. This he has wholly failed to do and his showing of part payment is therefore not sufficient to take the case out of the statute of limitations.

The evidence of the new promise relied on by plaintiff and set out above is absolutely lacking in one essential feature. It fails to show when the alleged new promise was made and therefore fails to show that it was made within six years of the commencement of this action.

The effect of a new promise is merely to revive the remedy upon the original obligation or to start the statute anew; in short, to destroy the effect of the statute up to that time. It does not stop the running of the statute, like the institution of a suit, but fixes a new date as the point from which the period of limitation is to be reckoned. (19 Amer. & Eng. Enc. of Law, 2 ed. 290; *Emerson* v. *Mills*, 83 Tex. 385; *Bayliss* v. *Street*, 51 Ia. 627; *Copeland* v. *Collins*, 122 N. C. 619; *Ireland* v. *Mackintosh*, 61 Pac. (Utah) 901.)

The new promise having the effect of fixing a new date as the point from which the period of limitation is to be reckoned it is apparent that the new promise must be shown to have been made within six years of the commencement of the action otherwise the new promise will itself be barred.

The note in question matured on July 10, 1910. It may very well be that the alleged new promise of the defendant was made at or about that time. If it was made any time

before July 7, 1911, it, like the original promise, was barred under the provisions of the statute and the plaintiff has been content to let the record remain silent on this important question.

In view of our conclusion as to the insufficiency of plaintiff's showing as to when the alleged new promise was made it is probably unnecessary for us to discuss the question of whether the language used by the defendant as shown by plaintiff's evidence is sufficient to constitute a new promise, but in view of a probable new trial of this case we will give our views.

In the case of *Harris* v. *Clark*, 18 Haw. 569, at page 573 the court said:

"The United States supreme court, however, at an early date took a decided stand in favor of giving full effect to the prohibition of the statute. In 1832, referring to a still earlier case, the court said:

" 'This court in the case of *Clementson* v. *Williams*, 8 Cranch 72, nearly twenty years since, expressed a very decided opinion, that courts had gone quite far enough in admitting acknowledgments and confessions to bar the operation of the statute of limitations, and that this court was not inclined to extend them; that the statute was entitled to the same respect as other statutes, and ought not to be explained away. And from the course of decisions in the state courts, as well as in England, such seems to have been the general impression; and they have been gradually returning to a construction more in accordance with the letter, as well as the spirit and intention of the statute.' *Moore* v. *Bank of Columbia*, 6 Pet. 86, 92.

"In the case of *Bell* v. *Morrison*, 1 Pet. 351, 361, Mr. Justice Story laid down the rule which has become the accepted standard in the federal courts and has been widely cited and adopted elsewhere:

" 'If the bar of the statute is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit man-

ner, and be, in its terms, unequivocal and determinate and if any conditions are annexed, they ought to be shown to be performed. If there be no express promise, but a promise is to be raised by implication of law, from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable, and willing, to pay. If there be accompanying circumstances, which . repel the presumption of a promise or intention to pay; if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways; we think they ought not to go to a jury as evidence of a new promise, to revive the cause of action.'

"See also *Wetzell* v. *Bussard,* 11 Wheat. 309; *Shepherd* v. *Thompson,* 122 U. S. 231. From these cases it seems to be established that, in order to remove the bar of the statute, there must be, in addition to an admission of a subsisting debt, either an express promise to pay, or circumstances from which an implied promise may be presumed, which must be clear and definite and not conditional nor by way of compromise or attempt at settlement."

In this case the defendant in effect said, I am fighting the case against the estate and expect to win out. If I do then I expect to pay you in full. Can it be said that this is an unconditional promise to pay? We think not.

In our opinion the evidence is not sufficient to show a new promise within the principles stated.

Defendant has abandoned the fourth ground of his exception No. 1 and we deem it unnecessary for us to consider the remaining ground of exception No. 1 or to consider his exception No. 2.

For the errors pointed out the exceptions discussed are sustained and the cause remanded for a new trial.

*D. H. Case* for plaintiff.

*E. Vincent* for defendant.