A. W. Reed, to wit Alfred W. Reed

*vs.*

Wilbur H. Harris and McKendree Harris, as executor

of the last will and testament of Isaac Harris,

deceased, trustee.

Piscataquis.    Opinion, October 27, 1942.

*John P. White*, for the plaintiff.

*Matthew Williams*, for the defendant.

*C. W. & H. M. Hayes*, for the trustee Wilbur H. Harris.

SITTING: STURGIS, C. J., THAXTER, MANSER, MURCHIE, JJ.

THAXTER, J. This is an action on a promissory note. The sole question is whether the Statute of Limitations which was pleaded is a bar to the maintenance of the action. The case was heard before a referee who made certain findings of fact, and in accordance with the provisions of Rule XLII reported to the Superior Court the question of law whether on such facts certain partial payments credited on the note were sufficient to suspend the operation of the statute. The presiding justice accepted the report, and on the question submitted ordered that judgment be entered for the defendant. No objection to the findings of fact was noted and they must be taken as correct. The case is here on exceptions to the ruling of the Superior Court.

The referee found that on June 20, 1931, the plaintiff sold an automobile to the defendant and took in part payment of the purchase price the defendant's note for $570 payable $47.50 per month with interest at six per cent. The note set forth a conditional sale contract to the effect that the automobile should remain the property of the plaintiff until the principal and interest on the note should be paid. The entire amount of the note was to become due if there should be default in any payment. Two payments were made by the defendant on the principal of the note, one in May and the other in August, 1932, and interest in the amount of $30 was paid in July of the same year. The defendant made no further payments. The referee then made the following findings:

"I find as a fact that the car for which the note was given was repossessed by the plaintiff on Nov. 7, 1935 with the consent of the defendant and after his delivery of

the car key to the plaintiff or his agent. I find as a fact that there was an understanding between the parties, although there was no express agreement to that effect, that the plaintiff should sell the car for what it was worth and give the defendant credit on his indebtedness for the proceeds of the sale. I find that the plaintiff did sell the car for fifty dollars, which was a fair price at the time, and did endorse the same on the note as he received it from the buyer, as follows: $25 on April 9, 1936, $15 on May 22, 1936 and $10 on Sept. 7, 1937. I find that the defendant did not specifically authorize or consent to any of these three endorsements, or even have knowledge of them at the times they were made but he did expect at the time of the repossession of the car by Mr. Reed that he, the defendant, would be given credit on his indebtednes to Reed for the proceeds of the sale of the car. I find that there was no express promise in writing by the defendant to pay the note in action at any time after its execution and delivery."

The present suit was commenced January 28, 1941 and the issue before the court is whether the repossession of the car by the plaintiff or the payments received by him on its sale which he endorsed on the note were sufficient to toll the Statute of Limitations.

Rev. Stat., Ch. 95, Sec. 104, provides that no acknowledgment or promise takes a case out of the operation of the six year limitation within which an action must be commenced "unless the acknowledgment or promise is express, in writing, and signed by the party chargeable thereby." Sec. 107, however, makes the following exception: "Nothing herein contained alters, takes away or lessens the effect of payment of any principal or interest made by any person; . . . ." The old rule therefore applies with respect to the effect of a payment.

What is this rule?

An unqualified part payment voluntarily made by a debtor of an existing debt is held to be an acknowledgment by the

debtor of the debt, and from such payment there arises an implied promise to pay the balance which is sufficient to take the case out of the limitation imposed by the statute. *Haven* v. *Hathaway*, 20 Me., 345; *White* v. *Jordan*, 27 Me., 370; *Pond* v. *Williams*, 1 Gray, 630; *Roscoe* v. *Hale*, 7 Gray, 274; *Campbell* v. *Baldwin*, 130 Mass., 199; *Taylor* v. *Foster*, 132 Mass., 30; *Strong* v. *State, Ex Rel. The Attorney General*, 57 Ind., 428; *Lang* v. *Gage*, 65 N. H., 173, 18 A., 795; 37 C. J., 1146-1148, 1150, 1154-1155; 34 Am. Jur., 266-267. The mere fact of a payment is not alone sufficient as a matter of law to toll the statute. *White* v. *Jordan*, supra. As is said in *Campbell* v. *Baldwin*, supra, at page 200: "To have this effect, it must be such an acknowledgment as reasonably leads to the inference that the debtor intended to renew his promise of payment." Or, as our own court has said, the question is whether the "payment was made under such circumstances, that it amounted to an admission, that the debt was then due; . . . ." *White* v. *Jordan*, supra, 380.

It is well settled that the creditor's application to a debt of the proceeds of property sold under a mortgage is not such a payment as leads to an inference that the debtor intended to renew his promise. *Campbell* v. *Baldwin*, supra; *Holmquist* v. *Gilbert*, 41 Col., 113, 92 P., 232, 14 L. R. A. N. S., 479; 37 C. J., 1154. And it is generally true that where different inferences may be drawn from the act of payment by a debtor, the issue is one of fact. *White* v. *Jordan*, supra; *Strong* v. *State, Ex Rel. The Attorney General*, supra.

In the case now before us the plaintiff retook possession of the car as he had a legal right to do. His application of the money received from its sale to the indebtednes of the defendant cannot be held to imply a new promise by the defendant to pay the balance of the debt. The mere fact that the defendant expected the money to be so applied is not controlling for it was the duty of the creditor so to apply it. Nor is the fact of importance that the defendant consented to the repossession of the car by voluntarily giving the key to the plaintiff. By so

doing he merely recognized the right of the creditor to retake it; there can be thereby no implication of a new promise.

The plaintiff cites two cases which it is claimed are controlling. *Haven* v. *Hathaway*, supra, and *Egery* v. *Decrew*, 53 Me., 392. Each involves the sale of collateral by a creditor who in making the sale and the application of the payments to the indebtedness is regarded under the particular facts there involved, as acting as the agent of the debtor. It is also important to note that the Haven case came before the court on exceptions to the granting of a non-suit, and the Egery case on report. The basis for the distinction between these cases and the one now before us is clearly pointed out in *Buffinton* v. *Chase*, 152 Mass., 534, 25 N. E., 977, 10 L. R. A., 123.

*Exceptions overruled.*

HUDSON, J., not participating.