## A. M. MELLIS *vs.* A. K. KUNUIAKEA.

APPEAL FROM BICKERTON, J.

HEARING, MARCH 20, 1893.          DECISION, APRIL 3, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

There being sufficient evidence to sustain the decision of a Justice of
the Supreme Court in Chambers, sitting in Intermediary Court, an
appeal from such decision on the ground that it is contrary to the
law and the evidence is dismissed.

OPINION OF THE COURT, BY FREAR, J.

This action was begun in the Police Court of Honolulu on
the 19th of October, 1892, and is founded on a judgment ren-
dered in the same Court on the 5th of January, 1885.    The
defendant pleaded the statute of limitations.    The plaintiff
relied on a new promise to take the case out of the statute.
Judgment was rendered for the defendant.

The plaintiff appealed to a Justice of the Supreme Court in
Chambers, and the appeal was heard by Bickerton, J., who
affirmed the decision of the Court below, holding that the
plaintiff had failed to prove by a preponderance of evidence a
new promise sufficient to revive the judgment.    The plaintiff
appealed to this Court on the ground that the decision of the
Justice is contrary to the law and the evidence.

On examining the papers in the case we find that the doc-
ument prepared by counsel and filed as a certificate of appeal
is incomplete, inasmuch as it contains only recitals of the
hearing and decision, and nothing whatever in regard to an
appeal.    But as the question of the sufficiency of the certifi-
cate was not raised on the argument, we prefer to dismiss the
appeal on other grounds which are deemed sufficient, rather

than call for a re-argument on this point as would otherwise be required by the statute.

By the Act of 1886 (Ch. LXII.) the plaintiff, having been defeated in the Police Court and appealed to a Justice of the Supreme Court, is allowed no further appeal on any question of fact. This is an appeal on the question of law whether there is evidence to sustain the decision appealed from, and is analogous to an exception to a verdict as contrary to the law and the evidence. "This Court cannot try the case 'de novo' on the facts, but can only examine the evidence so far as to see if there was sufficient to sustain the judgment appealed from." *Castle vs. Bowler*, decided by this Court February 26, 1892. If the Justice had found as a question of fact just what words were used by the defendant, and as a question of law that those words did not amount to a promise sufficient to toll the statute, there would be a pure question of law for this Court to decide. But such findings were not made or requested. The finding that was made is in the nature of a general verdict, and cannot be reviewed except so far as to see whether there was evidence to support it. Was there evidence to support it?

The plaintiff endeavored to prove promises made by the defendant on two separate occasions. As to the first of these there is the indefinite testimony of one witness on each side. On one side a former attorney of the plaintiff's testifies in substance that about three years ago the defendant said, "I know the debt is due, the money will be paid; go to Cartwright and he will pay it," or something like that; and on the other side the defendant testifies that he did not remember meeting the attorney, or saying anything about the matter. As to the other alleged promise, there is the positive testimony of one witness on each side. On the one hand, another attorney of plaintiff's testifies that shortly prior to the bringing of this suit the defendant distinctly promised to pay the debt, if it had not been paid by Cartwright; and on the other hand, the defendant testifies that he asked the attorney why the bill had not been presented before, and told

him that he had no money to pay it with; that Cartwright ought to have paid it long ago, and that his accounts with Cartwright had not been settled, and he explicitly denied having made any promise to pay if Cartwright had not paid.

It is clear from the foregoing that there was evidence to sustain the finding that the plaintiff failed to prove, by a preponderance of evidence, a promise sufficient. to revive the judgment.

It is unnecessary to consider the further question raised by counsel, whether a judgment of a Court not of record may, like a simple contract, be revived by a new promise.

The judgment appealed from is affirmed with costs.

*J. A. Magoon*, for plaintiff.

*C. W. Ashford*, for defendant.