*J. M. Kaneakua* for plaintiff.

*W. A. Henshall, Chas. Creighton* and *A. N. Kepoikai* for defendant.

---

## J. H. SCHNACK *v.* MINNA CREMMER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 27, 1898.          DECIDED MARCH 17, 1899.

JUDD, C.J., WHITING, J., AND CIRCUIT JUDGE STANLEY, IN PLACE OF FREAR, J., ABSENT.

The burden is on the plaintiff to prove, by a preponderance of evidence, a promise sufficient to revive a debt barred by the statute of limitations. Part payment is only *prima facie* evidence and may be rebutted by other evidence and by the circumstances under which it is made.

OPINION OF THE COURT BY WHITING, J.

This was an action of assumpsit for goods sold and delivered. The last purchase was made on May 2, 1891. Since then the

defendant has made part payment in four installments, the last three of which were made within twenty-five months of the filing of this action in the District Court. The defendant pleaded the general issue and also the statute of limitations. The action was commenced in the District Court, July 1, 1898, and the statute of limitations had run unless part payments made took the claim out of the statute. A small balance is claimed by the plaintiff.

The case went on appeal to the Circuit Court, where the Court decided for the defendant, saying, "on the question of whether or not there has been a new promise on the part of the defendant within the statutory period to pay the amount claimed such as would take the case out of the statute of limitations, there is evidence on both sides. It is not shown by a preponderance of evidence that such new promise was made by the defendant."

The plaintiff's exceptions are that the decision is contrary to the law and the evidence, and also to the overruling of a motion for a new trial on the same grounds.

The question is whether the plaintiff has proved a new promise such as will take the claim out of the statute of limitations. We held in *Ah Lo v. Tai Lung*, 9 Haw. 273, that "an acknowledgment or new promise may be inferred from the fact of part payment of a contract within six years. Part payment is only prima facie evidence and may be rebutted by other evidence and by the circumstances under which it is made. The Court cannot imply a promise from the mere fact of part payment as an inference of law. It must be left to the jury."

"To take a debt out of the statute of limitations by reason of an acknowledgment or new promise, it is necessary that there should be an unqualified acknowledgment, not only that the debt was just but that it continues due at the time of the acknowledgment, so that a promise to pay can fairly be implied. *Weston v. Hodgkins*, 136 Mass. 326.

The burden is on the plaintiff to prove, by a preponderance of evidence, a promise sufficient to revive the debt. *Mellis v. Kunuiakea*, 9 Haw. 41.

A careful examination of the evidence has satisfied us that it was sufficient to support the decision of the Circuit Court (jury waived) that the plaintiff had failed to prove by a preponderance of evidence, a new promise to pay. The evidence is conflicting. The plaintiff says defendant promised to pay, which defendant denies. Again the amount of the balance and also amount of payment is disputed.

The last payment is claimed by plaintiff as $10 of which he devoted $5 to a different claim he had against defendant, but did not inform defendant of it at the time. Defendant says she paid $15 and he did not give her any receipt. At the time of this payment, the plaintiff says defendant said nothing; the defendant made payments to Hopp (the assignor of bill to Schnack) without reservation; but when Schnack presented the bill, she said "I don't owe it and I don't pay that." Again on the payment of the $15 to Schnack, "I handed him $15 and says that it is on Hopp's bill; don't come to me for any more." Defendant denies any new promises to pay. There is a large amount of testimony, relating to the part payments and promises to pay, but it is uncertain and indefinite on the part of the plaintiff and contradicted by the defendant.

It is also submitted by the plaintiff that this is a mutual account and that the statute runs only from the date of the last payment. The goods were all sold in 1891 to defendant and thereafter cash payments were made by her in reduction of the account. She had no account against plaintiff upon which she had a right of action. There was no mutuality in the account. *Parker v. Schwartz*, 136 Mass. 31.

Exceptions are overruled.

*J. T. DeBolt* for plaintiff.

*Robertson & Wilder* for defendant.