, BECKER v. OLIVER.

(Circuit Court of Appeals, Third Circuit. November 25, 1901.)

No. 28.

**1. APPEAL—REVIEW—HARMLESS ERROR.**

In an action on a number of notes given at the same time and for the same consideration, to all of which except the one last maturing the defense of limitation was pleaded, as well as other special defenses, where the jury returned a verdict for plaintiff as to the last note only, it cannot be presumed that any evidence admitted upon the other issues joined was prejudicial to plaintiff, even if its admission was error, since the jury must have found all such issues in his favor, and thereby negatived any inference that they were prejudiced against him by such evidence in considering the defense of limitation.

**2. LIMITATIONS—REMOVAL OF BAR—PAYMENTS.**

Payments made by the maker of notes to the payee after their maturity, in order to have the effect of postponing the running of limitation against such notes, must have been made under such circumstances as to amount to an acknowledgment of the validity of the notes, from which a promise to pay them can be implied, and the essential fact upon that issue is the intention of the payor. The fact that the payee applied the payments on any or all of the notes is of no probative value as evidence of the actual intention of the payor, unless it is further shown that such application was made by his direction or with his consent.

**3. SAME—ACKNOWLEDGMENT OF DEBT—WHEN QUESTION FOR JURY.**

Defendant executed his notes to plaintiff in payment for stock and bonds of a corporation, which he pledged as security for the notes. After the maturity of the notes the corporation was reorganized, and new stock and bonds issued, and defendant took up the old collateral, and substituted for it the bonds and stock issued by the new corporation in lieu thereof. In a subsequent action on the notes, defendant pleaded the statute of limitations, and also claimed and testified that they were to be payable only from the profits of the corporation accruing on the stock and bonds purchased. *Held*, that the question whether the substitution of collateral after the maturity of the notes was such an acknowledgment of the debt as to remove the bar of limitation was one of fact, properly submitted to the jury.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Henry A. Davis, for plaintiff in error.

Henry A. Fuller and Henry W. Palmer, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. This action was brought in the court below February 16, 1900, to recover the money alleged to be due upon 10 promissory notes made by the defendant in favor of the plaintiff. The notes were all dated March 4, 1890; each being for the sum of $10,000, and payable to the order of the plaintiff,—the first, 18 months after date, and the others at intervals of 3 months, respectively, thereafter, the last falling due 48 months after date, to wit, on March 4, 1894. It appears from the pleadings and proofs in the record that the consideration of these notes were certain bonds and shares of the capital stock of a mining company, owned by plaintiff and sold to the defendant, and which remained in the possession of the plaintiff as collateral security for the payment of the said notes. In addition to the general issue, a number of special defenses were pleaded by the defendant, to which replications were filed by the plaintiff, and issue joined. Some of these special pleas allege fraud on the part of the plaintiff, by means of false representations made as to the condition of the mining company whose shares were the consideration of the notes. One of the special defenses as to which issue was joined was that at the time of the making of the notes it was specially, though verbally, agreed between plaintiff and defendant that the notes should be paid out of the dividends or profits of the mine, and should not be payable until the mine was profitable. Testimony in support of these pleas was in some cases admitted over objection of the defendant, although the court in its charge withdrew the subject-matter of some of the questions from the consideration of the jury, or greatly restrained their scope in submitting them. In addition to the special pleas referred to, there was a plea of the statute of limitations as to all these notes. There is no doubt that the bar of the statute applied to all except the one last coming due, unless the same was removed by some acknowledgment on the part of the defendant within the six-years period of limitation. In delivering its charge to the jury the court below discussed at length the various defenses which were the subject-matter of the pleas to which allusion has been made, and also the contention of the plaintiff that the bar of the statute as to the nine notes to which it applied had been removed by acknowledgments of the defendant of an existing indebtedness within six years, evidenced by payments alleged to have been made on account of these notes within the period named, and also by the alleged giving by the defendant of collateral security for their payment within the same period. At the close of its charge the court, in order to facilitate the labors of the jury, and that the grounds of their decision might be certainly known, prepared and submitted to them four forms of verdict, one of which might be adopted, in their discretion, in case their findings of fact warranted.

111 F.—43

It was suggested that if none of the defenses, including that of the statute of limitations, should be considered to have been maintained by the defendant, a general verdict for the plaintiff for the amount due upon the face of the 10 notes should be returned by the jury, but if the jury should be of opinion that none of the defenses were good, except that of the statute of limitations, then they might find for the plaintiff for the amount of the one note which was not barred by the statute, and for the defendant as to the nine notes, on the ground that they were barred by the statute. The forms prepared covered these and other contingencies, and the jury in fact found in accordance with one of them, as follows:

"As to the first nine notes in suit, the jury find they are barred by the statute of limitations, and as to them we find in favor of the defendant. We find as to said tenth note, dated March 4, 1890, on the other issues involved in the case, in favor of the plaintiff, in the sum of $16,451.66."

The jury were not confined to these forms of verdict. They were advisory suggestions given by the court to assist the jury in reaching a logical conclusion, and in distinguishing the several questions of fact submitted for their consideration. As such, they were undoubtedly helpful, and within the competence of the court, under the Pennsylvania practice, to make, and the jury to adopt. From the verdict thus rendered there can be but one inference, to wit, that the jury found all of the facts in favor of the plaintiff, except those relating to the defense of the statute of limitations, and but for the statute would have rendered a verdict in favor of the plaintiff for the full amount of the 10 notes sued upon. It is natural to conclude, therefore, that the plaintiff was not harmed by any errors, if there were such, either in the admission by the court of testimony in support of the other pleas and defenses, or in the charge of the court to the jury in regard to the same. It is contended, however, by the plaintiff in error, that the admission of testimony in support of these special defenses, and the rulings of the court with reference to them, involving, as they did, the character and reputation of the plaintiff, were calculated to prejudice the minds of the jury in considering the evidence as to the facts relied upon by plaintiff to establish such an acknowledgment of indebtedness on the part of the defendant as would remove the bar of the statute. A careful reading of the record shows that the court below admitted much of the testimony objected to, in the preliminary stages of the trial, with the reservation of the right to withdraw it altogether from the consideration of the jury, or restrict its scope, if submitted. We do not see that the fact of the admission of such testimony upon issues joined by the plaintiff, or that the language of the court in submitting, withdrawing, or restricting it, can be presumed to have been prejudicial to the plaintiff in the final outcome of the case. In rendering a verdict for the plaintiff for the one note that was not barred by the statute, the jury has certified its finding that it negatived all inferences injurious to the plaintiff in the pleas and defenses objected to.

It remains only for us to consider whether there was any error made by the court below in submitting to the jury the evidence relating to the removal of the bar of the statute, or in not giving them

a peremptory instruction as to the effect of such evidence. It is not controverted that nine of the notes sued upon had matured more than six years prior to the bringing of suit, and the only question to be considered by the court and the jury was whether there had been such an acknowledgment by the defendant, within six years, of the indebtedness thereon, as would remove the bar of the statute as to these nine notes. The testimony adduced and relied upon by the plaintiff to remove the bar of the statute was, first, that of the plaintiff himself, who testified that the defendant, during the period that these notes were outstanding, from January, 1891, down to January, 1899, had made sundry payments on account thereof,— some 20 in all. Many of the credits appearing upon the said notes were of a date, and were testified by the plaintiff to have been so made, as to be within six years of the commencement of this suit. The plaintiff further testified that these payments were made generally by the defendant, without any specification as to how they were to be applied, but that he, in the absence of any direction on the part of the defendant, had apportioned them to the several notes by indorsing upon each one a credit of one-tenth of the total payment, and that these credits were made at the time they bear date. The credits so indorsed, and in evidence with the notes, were on each note substantially as follows:

Credit by cash paid Colorado taxes, January, 1891............... $ 41 18
Credit by cash paid survey, April 1, 1891.......................... 193 20
Credit by cash paid Colorado taxes, January, 1892................ 41 18
Credit by cash paid surveys, March 29, 1892...................... 156 80
Received of Paul A. Oliver eleven hundred and fifty-six $^{67}/_{100}$
  (1,156.67) dollars, this August 12th, 1892. T. H. Becker. Pay to
  Theodore H. Becker.
Credit by cash paid Colorado taxes, January, 1893................ 41 18
Credit by cash paid Colorado taxes, January, 1894................ 41 18
Credit by cash paid Colorado taxes, January, 1895................ 41 18
Credit by cash paid Colorado taxes, January, 1896................ 41 18
Credit by cash paid Black Hawk taxes, 1880–90, Nov. 26, 1896..... 86 97
Credit by cash paid Chase Withrow fees, March, 1897............ 15 00
Credit by cash paid Teller & Orohood, for Apr. 26, '97............ 53 33½
Credit by cash paid Colorado taxes, January, 1897................ 41 18
Credit by cash paid W. R. Polk, April 21, 1897................... 100 00
Credit by cash paid C. W. Jones, April 26, 1897................. 100 00
Credit by cash paid A. Knopf, May 1, 1897....................... 100 00
Credit by cash paid T. H. B., Jan., 1897, to Jan., 1898.......... 100 00
Credit by cash paid Colorado taxes, January, 1898............... 41 18
Credit by cash paid T. H. B., Jan., 1898, to Jan., 1899......... 100 00
Credit by cash paid Colorado taxes, January, 1899............... 41 18
Credit by cash paid satisfaction, filed March 28, '99............. 200 00
Credit by cash paid T. H. B. from Jan., '99, to July, '99......... 50 00

It will be observed that these various credits purport to have been cash paid for different purposes of the plaintiff, and are not stated to have been mere cash payments on the notes on which they are indorsed. The plaintiff testified, however, that the payments were made by the defendant to meet certain demands upon himself, of which memorandum is made by the indorsements, and that the defendant understood when he paid these debts of plaintiff that the payments so made were to be a credit upon his indebtedness generally on account of these notes. On the part of the defendant it is

contended that the handwriting in which the credits are made on the several notes is of such a character as to suggest that they were made contemporaneously. The defendant himself testified that he did not pay nor intend to pay upon the notes any of the matters indorsed; that the taxes credited were not paid for plaintiff, but were supposed by defendant to have been paid for the company whose bonds were taken by defendant as security for the advancement. As to the other amounts which were the subject-matter of these credits indorsed upon the notes, the defendant testified that some of them were loans to the plaintiff, made to him at various times, and charged up against him in defendant's private account with him, and that for some of these loans he took the notes of the plaintiff. There was also the testimony of two witnesses, including the defendant, that the notes were not to be paid unless the property proved profitable, and that the property never had proved profitable, but the reverse.

In this state of the testimony, there was no error in that part of the charge of the court which is made the subject of the first assignment of error, in regard to the bar of the statute of limitations. It is as follows:

"The plaintiff in this case has not brought suit within six years on nine of the notes, and therefore as to them the statute of limitations is a bar, unless there has something happened to remove the bar of the statute. The contention of Mr. Becker in that respect is that from time to time Mr. Oliver, the defendant, has paid certain sums of money in the shape of taxes and debts for Mr. Becker, and that he (Becker), with the consent and by the instructions of Oliver, has credited those payments upon the backs of these notes, and that these credits were entered at the times they purport to have been entered. If that is the case, gentlemen,—if Mr. Oliver paid any debts, taxes, or other obligations for Mr. Becker, and he agreed, as Mr. Becker testified, that these credits should be entered upon the notes,—then that would be a recognition of this debt by Mr. Oliver, which would remove the bar of the statute of limitations. On the part of the defendant, Oliver, it is contended that these taxes which were paid were not paid for Mr. Becker, as I understand it, but were paid for the Bonanza Company, and that he received bonds in payments or as collateral for these payments from the Bonanza Company, and that he never agreed to the entry of these credits. It will be for you to determine, gentlemen, what are the facts in relation to this. If you find that these payments were made by Mr. Oliver, and that they, or any of them, were made for Mr. Becker, and that he agreed that these entries should be made upon the notes, that would constitute such a recognition of this debt as would remove the bar of the statute of limitations."

So, also, there can be no doubt that the court correctly refused to affirm the point as stated in the next assignment of error, as follows: "Under the evidence before you, you cannot find that this action was barred by the statute of limitations as to any of the notes sued upon,"—and correctly submitted the question whether any of the notes were so barred to the jury, under the general charge of the court.

The next assignment of error, in regard to the bar of the statute, states that the court erred in its answer to plaintiff's second point, which point and answer are as follows:

"(2) The defendant having admitted that he paid the plaintiff sundry sums of money during the six years preceding the bringing of this action, if you

find that he did not state to the plaintiff how he wanted said sums applied, and that he owed the plaintiff no money except upon the notes in suit, and plaintiff applied the one-tenth of each of the sums so received to each of the notes, and indorsed the same when received, or shortly thereafter, upon the backs of the notes, such admission and application would prevent this action from being barred by the statute of limitations as to any of the notes. This point correctly states the law where a debtor pays money to a creditor; that is, where a debtor pays money to a creditor without specifying on what particular part of his indebtedness it should be credited. But that is not the case here. The payments here credited are not alleged to have been made by Oliver to Becker generally on these notes, but are alleged to be sums of money advanced or loaned, as contended by Oliver, or paid, as contended by Becker, or are payments made to third persons; and the right to credit them on these notes is in all cases based by Becker on the express agreement by Oliver that they should be credited on the notes. The question, then, is, did Oliver agree with Becker that these credits should be entered as payments on these notes, as contended by Becker? If the jury find that the credits were placed there by the agreement of Oliver, that would bar the statute of limitations. If they were not placed there by his consent, Mr. Becker having expressly testified that they were, then they would not bar the statute of limitations."

In view of the testimony, it is hard to conceive how the court below could have more fairly to the plaintiff discussed his second point. The point involves a mistaken view of the law relating to the application of payments and the removal of the bar of the statute. A payment on account of a claim "prevents the bar of the statute," because it amounts to a distinct acknowledgment on the part of the defendant of an existing indebtedness, from which the law implies a promise of payment. And whether such an acknowledgment and implied promise be considered as a revival of the original promise, or a new and independent one, it presents a new and substantive cause of action, from the date of which the statute of limitations will begin to run. It is manifest that the philosophy of the situation is that the defendant has, at a date within the period of limitation, by his act, intentionally acknowledged as existing his indebtedness to the plaintiff. But the act of payment on account must be so clear and unequivocal as to. make it a necessary inference that the debtor thereby acknowledges an existing indebtedness. The law as to appropriation of payments, relied upon by the plaintiff, rests upon a different basis from that of actual intention on the part of the one making the payment. Where a general payment is made by a debtor, who owes money, upon different accounts, and evidenced in different ways, and by securities of different degrees of dignity or value, and nothing is said by the debtor as to the application of the payment made, convenience and justice require that the creditor should be allowed to appropriate the payment as he sees fit, giving him the advantage oftentimes of applying it to the account which is the least well secured. In such case there is postulated a certain and unequivocal general payment by the debtor on account of his general indebtedness. In the case in hand, however, the whole question is as to the actual intention with which the particular payments are made, because it is only from an actual intention to pay on account of a particular debt that an acknowledgment of an existing indebtedness can be inferred. The application by the plaintiff of the payments

to him of certain sums of money to these particular notes can in no wise aid us in ascertaining the real intention of the defendant in making such payments. What the real intention of the defendant was in making these payments is here a matter in dispute, and as to which there is conflicting testimony. The indorsements by the plaintiff of these payments, proportionately, upon the several notes, unless done by the direction or consent of the defendant, can throw no light upon the question here in dispute, to wit, whether these payments were such as to make the inference of a real intention to acknowledge an existing indebtedness a necessary one. The act of appropriating the money received from the defendant, and of placing the credits on the notes, was confessedly the act of the plaintiff, and as such could afford no ground for an inference as to the intention or state of mind of the defendant in regard to these notes. To make it relevant, it must have been clearly and unequivocally assented to by the defendant. That it was so assented to was asserted on one side and denied on the other, thus raising a question of fact that was properly submitted to the jury.

This brings us to the remaining ground upon which plaintiff contends that there was an acknowledgment by the defendant of an existing indebtedness within the period of limitation. This ground is set forth in the plaintiff's third point, and the answer of the court thereto, which is made the subject of the plaintiff's last assignment of error, in regard to the removal of the bar of the statute of limitations. The assignment is as follows:

"The court erred in its answer to plaintiff's third point, which point and answer are as follows, viz.:

" '(3) The defendant having admitted that he gave certain stock and bonds as collateral security for the payment of the notes when made, and said stocks and bonds having become worthless or having been canceled, and new stocks and bonds having been issued in their place, he gave the new stocks and bonds to plaintiff as collateral security for said notes within the period of six years immediately preceding the bringing of this action, in pursuance of the original arrangement between the parties. You should find that this action is not barred by the statute of limitations as to any of the notes.

" 'This point asks us to take the case from the jury so far as the statute of limitations is concerned. This we have already refused to do in answer to the first point, and we reaffirm our decision in that respect. It is true that where a man is indebted to another, and the debtor subsequently gives an additional collateral security, that is ground for holding that the statute is not barred, and so we hold in this case. The fact that the other bonds and stocks were given is a fact to be considered by the jury, and its proper weight given to it as an element for removing the bar of the statute of limitations. In view of the fact that these bonds and stocks were a substitution of securities after the reorganization of the company, and that it is contended by Mr. Oliver that these securities were given and were in Mr. Becker's hands as security for an indebtedness payable only in the event that the mine proved profitable, the effect of these acts in removing the bar of the statute of limitations is peculiarly within the province of the jury. If these acts constituted a recognition of the indebtedness here sued on, then they may be so regarded by the jury.' "

We think the answer thus given by the court below to this point of the plaintiff was correct in every particular, and the assignment of error founded thereon must be disallowed.

The judgment of the court below is therefore affirmed.