FIRST AMERICAN SAVINGS AND TRUST COMPANY, OF HAWAII, LIMITED, *v.* EBEN P. LOW.

No. 1007.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

ARGUED APRIL 3, 1917.                    DECIDED APRIL 11, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

LIMITATION OF ACTIONS—*acknowledgment of debt—promise to pay.*

A clear, definite and unqualified acknowledgment made by the maker of a promissory note, after the statute of limitations has run against it, that the note is a valid and subsisting obliga-

tion for which he is liable will give rise to an implied promise to pay it.

SAME—*giving security or substituting collateral.*

The giving of security or the substituting of collateral to secure payment of a note is a sufficient acknowledgment to remove the bar of the statute.

SAME—*acknowledgment made to stranger.*

An acknowledgment made to a mere stranger, where it is not shown that it was made with the intent on the part of the debtor that it should be communicated to the creditor, nor that it was in fact communicated to him and lulled him into inaction, is ineffective to remove the bar.

OPINION OF THE COURT BY ROBERTSON, C.J.

In the plaintiff's amended complaint it is alleged that on or about the 23d day of January, 1909, the defendant made and delivered to one Miller his promissory note for the sum of $5000, payable to Miller's order six months after date, with which was assigned and delivered, as collateral, certificate No. 15 for 67 shares of the capital stock of Miller Salvage Company; that there was an indorsement by Miller (undated) of the payment of $2000 on account of the principal, and, for value received, an assignment of the note and a waiver of demand, protest and notice of non-payment, by Miller to the First American Savings and Trust Company of Hawaii, Limited, dated September 27, 1909; that the plaintiff is now the owner and holder of the note; that on the 17th day of June, 1912, the defendant acknowledged the said note to be a valid and subsisting obligation and did thereby promise to pay the same in and by a certain writing as follows:

"Honolulu, Hawaii, June 17, 1912.
"First National Bank,
            "City.

"Gentlemen:

"I hereby authorize you to surrender the sixty-seven (67)

shares of the capital stock of the Miller Salvage Company, Limited, standing in my name, and held by you as collateral to my note for $3000.00 in favor of F. C. Miller, which note is held by you as collateral to a certain note of F. C. Miller in your favor for $6000.00, to the B. F. Dillingham Co., Ltd., and to receive in return a certificate for 34 shares of the capital stock of the Miller Salvage Co., Ltd., made out in the name of F. C. Miller and endorsed by him.

Yours truly,

(Signed)   Eben P. Low."

Also that there is now due and owing the plaintiff upon the said note the principal sum of $3000, with interest from July 23, 1909, and that the same remains unpaid though demand for payment has been made upon the defendant. The defendant demurred to the amended complaint on the grounds, (1) that the complaint shows that the claim sued upon is barred by the statute of limitations, and (2) that the alleged acknowledgment by the defendant is not such an acknowledgment as would revive the debt or prevent the running of the statute of limitations. The circuit judge, being in doubt as to whether the demurrer should be sustained upon the grounds stated, reserved the question for the consideration of this court.

Under the statute an action upon a promissory note must have been commenced within six years from the date when the cause of action accrued. R. L. 1915, Sec. 2633. It appears from the allegations of the complaint, therefore, that unless the letter of June 17, 1912, constituted a sufficient acknowledgment that the note was a valid and subsisting obligation from which a promise to pay may properly be implied, the statute has run against the claim, and the demurrer should be sustained. *Otokichi* v. *Sekijiro, ante* p. 234. That the letter in question did not constitute such an acknowledgment is urged by counsel for the defendant for two reasons, namely, that the reference to the note was

merely casual and the whole letter is suggestive rather of a settlement of the debt by the absolute assignment of the stock which had formerly been held as collateral security than of an acknowledgment of a subsisting debt which the debtor is willing to pay, and that the acknowledgment, if it was such, not having been made to the holder of the note, but to a stranger, was ineffective. Counsel for the plaintiff contend that the terms of the letter constituted an unequivocal acknowledgment from which the law will imply a promise to pay, and they rely upon the rule that where an acknowledgment is made to a stranger and it appears that it was the intention that it should be communicated to and influence the creditor it is as effectual as if it had been made directly to the creditor.

The statute of limitations is one of repose and in order to remove the bar of the statute it is necessary to show either an unconditional promise to pay the debt, or a clear and unqualified acknowledgment of the debt from which a promise to pay is to be implied, or a conditional promise to pay and the fulfilment of the condition. 25 Cyc. 1325. The alleged acknowledgment being in writing its interpretation and effect are for the court to determine as matter of law. Id. 1435; *Davis* v. *Mills*, 21 Haw. 167. In *Welch* v. *Spencer*, 4 Haw. 358, it was held that an agreement between debtor and creditor in which it was recited that certain notes were "due and unpaid" was sufficient to take the notes out of the statute. In *Harris* v. *Clark*, 18 Haw. 569, where a clear acknowledgment of the debt was accompanied with language which negatived an intent to promise payment, it was held that the bar of the statute was not removed. We are of the opinion that the defendant's letter of June 17, 1912, taken, as we must take it, without qualification or explanation, can be viewed only as a clear and definite acknowledgment that his note was a valid and

subsisting obligation for which he was liable, and that therefrom his promise to pay it is to be implied.

It has been held that the giving of security constitutes a sufficient acknowledgment of a debt to take it out of the operation of the statute. 25 Cyc. 1343. In *Wagner* v. *Mutual Life Ins. Co.,* 88 Conn. 536, 544, the court said, "The giving of security for a debt barred by the statute of limitations, waives the benefit of the statute and operates as an unequivocal acknowledgment of the existence of the debt, from which the law implies a promise to pay the debt. It is an acknowledgment of liability as significant as a part payment of the debt; both acts are alike in character and equally unequivocal." In *Becker* v. *Oliver,* 111 Fed. 672, 678, where, in connection with the giving of additional security for notes, there was a disputed fact, it was held that the question was properly left to the jury. In the case at bar it is not alleged that the substitution of collateral was actually made, but we think the attitude of the defendant with respect to his note was effectually shown by his authorization to make the substitution and that it need not further be made to appear that it was acted on. We hold, therefore, that if the defendant's acknowledgment had been made directly to the plaintiff it was such an acknowledgment as would have obviated the bar of the statute.

It is well settled that an acknowledgment made to an agent of the creditor is as effectual as though made to the creditor himself, also that an acknowledgment made to a mere stranger is ineffective. But it is held that if it was made to a third party with the intent and understanding that it should be communicated to the creditor it will have the same effect as if made directly to the creditor. 19 A. & E. Enc. Law (2d ed.) 317; *Miller* v. *Teeter,* 53 N. J. E. 262; *DeFreest* v. *Warner,* 98 N. Y. 217, 221; *Strong* v. *Andros,* 34 App. Cas. (D. C.) 278, 283. And if such an

acknowledgment be in fact communicated to the creditor it could well be held that the third party was the agent of the debtor authorized for that purpose. In the case in hand, however, it is not alleged that there was any privity, or other connection, between the bank and the plaintiff, or that the contents of the letter were communicated to the plaintiff. It does not appear that the letter lulled the plaintiff into inaction. The addressing of the letter to the bank may have been an inadvertence, though the language of the letter indicates that the defendant supposed that the bank was the holder of the note, but this is unexplained by any allegation in the complaint. As the matter stands the court is unable to say that the acknowledgment was made to the holder of the note, or its agent, or to a third party with the intent or understanding that it should be communicated to the creditor. In other words, there is nothing in the complaint to show that the bank was not a mere stranger to the whole transaction. Perhaps the plaintiff may desire to amend its complaint in this connection.

Holding that, for the above reason, the demurrer should be sustained, we answer the reserved question in the affirmative.

*P. R. Bartlett* (*Holmes & Olson* on the brief) for plaintiff.

*Marguerite K. Ashford* (*Castle & Withington* with her on the brief) for defendant.