FIRST HAWAIIAN BANK, a Hawaii corporation, Plaintiff-Appellee, *v.* JACK ZUKERKORN, Defendant-Appellant

NO. 7280

CIVIL NO. 54011

SEPTEMBER 4, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

## OPINION OF THE COURT BY BURNS, J.

Defendant-Appellant Jack Zukerkorn appeals the summary judgment entered against him in favor of Plaintiff-Appellee First Hawaiian Bank (hereinafter "Bank"). The general question is whether this case involves any genuine issues of material fact. The specific question is whether, as a matter of law, Zukerkorn revived two stale debts which otherwise were uncollectible because the applicable period of limitations had run. We hold that the revival question is a genuine issue of material fact.

Zukerkorn executed in favor of the Bank a $6,394.21 demand note dated November 22, 1965, and a $2,500.00 two-year note dated September 23, 1966. He made no payments on either note.

On August 6, 1973, Zukerkorn obtained an automobile purchase loan from the Bank, and he paid it off on April 6, 1976.

On or about December 11, 1975, Zukerkorn applied to the Bank for a master charge credit card. He admits that the Bank told him that he owed "a small amount of money on an old account"; that issuance of the card was conditioned on his agreement to pay $100.00 per month on the old account; that he agreed to the condition; and that he received a credit card. He denies the Bank's assertion that the November 22, 1965, and the September 23, 1966, notes were specifically identified and that his agreement specifically related to them.

Zukerkorn also denies the Bank's assertion that he paid $200.00 in cash at or about the time he made the agreement. Both parties agree that after the agreement, Zukerkorn made payments on the automobile loan, on the master charge account, and that pursuant to his agreement (the terms of which are in dispute), he paid $200.00 on May 12, 1976; $100.00 on June 8, 1976; $100.00 on July 12, 1976; and $100.00 on August 23, 1976.

On March 3, 1978, the Bank sued Zukerkorn on the November 22, 1965, note; the September 23, 1966, note; and on the balance due on the master charge account.

On November 27, 1978, the lower court entered summary judgment in favor of the Bank on all three of its claims.

Pursuant to Hawaii Rules of Civil Procedure, Rule 56(e), we affirm that portion of the summary judgment which relates to the $4,594.60 owed on the master charge account. The Bank's affidavits concerning this account were sufficient and they were not contradicted by Zukerkorn.

We turn, then, to the portion of the summary judgment which relates to the November 22, 1965, and the September 23, 1966, notes. Collection of these notes was barred by the applicable six-year statute of limitations[1] unless something occurred which started it running anew.

After reading the authorities,[2] we state the applicable law to be as follows: A new promise by the debtor to pay his debt, whether then barred by the applicable statute of limitations or not, binds the debtor for a new limitations period. The promise may be express or implied. If it is express, it may be unconditional or conditional, but if conditional, it is not effective until the condition is performed. The promise may be implied from an express acknowledgment of the debt or from part payment thereof. However, an express acknowledgment of the debt or part payment thereof is only *prima facie* evidence of a new promise which may be rebutted by other evidence and by the circumstances under which it is made.

Therefore, we may sustain the summary judgment issued in favor of the Bank only if we conclude that viewed most favorably to Zukerkorn the facts show, as a matter of law, that within six years prior to March 3, 1978, Zukerkorn promised to pay the two stale debts.

---

[1] HRS § 657-1 (1976) states:
§ 657-1 Six years. The following actions shall be commenced within six years next after the cause of action accrued, and not after:
(1) Actions for the recovery of any debt founded upon any contract, obligation, or liability,. . . .
. . . . .

[2] *See* WILLISTON ON CONTRACTS, THIRD EDITION §§ 2047-2088 (1978); 1A A. CORBIN, CONTRACTS §§ 210-223 (1963); *Ahlo v. Tai Lung,* 9 Haw. 272 (1893); *Schnack v. Cremmer,* 11 Haw. 706 (1899); *Davis v. Mills,* 21 Haw. 167 (1912); *Trust Co. v. Low,* 23 Haw. 696 (1917); *Maciel v. Kalua,* 24 Haw. 216 (1918); *Pai v. First Haw'n Bank,* 57 Haw. 429, 558 P.2d 479 (1977).

Zukerkorn could have promised (1) by an express promise to pay the two stale debts or (2) by an express acknowledgment of the two stale debts or (3) by part payment of the two stale debts. Zukerkorn, however, denies doing any of the three. His evidence is that he agreed to pay and in fact paid "a small amount on an old account"; he denies that he acknowledged the existence of the two stale debts or that he agreed to pay them or that he paid on them.

Further, even if it were admitted that Zukerkorn expressly acknowledged the two debts or that he made part payment on them, such action on his part is only *prima facie* evidence of a new promise which may be rebutted by other evidence and by the circumstances under which it is made. The court below cannot imply a promise from the mere fact of acknowledgment or part payment as an inference of law. It must be left to the trier of fact.

Consequently, we hold that Zukerkorn has raised genuine issues of material fact with respect to his obligation to pay the notes of November 22, 1965, and September 23, 1966, and that the lower court erred in entering summary judgment with respect to them.

The summary judgment is partially affirmed and partially reversed, and this case is remanded for further proceedings consistent with this opinion.

*Andrew S. Hartnett (Stubenberg, Shigemura, Roney, Hartnett & Lawhn* of counsel) for defendant-appellant.

*Richard J. Kowen (James S. Campbell* with him on the brief; *Cades, Schutte, Fleming & Wright* of counsel) for plaintiff-appellee.