MEMORANDUM **
William S. Ellis, Jr., the sole equity security holder of Chapter 11 Debtor Upland Partners, appeals pro se the district court’s judgment affirming the bankruptcy court’s order approving creditors’ claims numbered 36, 37, 45, 46, 47 and 48. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, see Dawson v. Wash. Mut. Bank (In re Dawson), 390 F.3d 1139, 1145 (9th Cir.2004), and we affirm.
The bankruptcy court did not abuse its discretion in requiring written submissions concerning Ellis’ objections to the claims instead of holding an evidentiary hearing. See Lee-Benner v. Gergely (In re Gergely), 110 F.3d 1448, 1452 (9th Cir.1997).
All claimants submitted prima facie evidence of the validity and amount of their claims in compliance with Fed. R. Bankr.P. 3001. A proof of claim executed and filed in accordance with the rules constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr.P. 3001(f).
The claimants are intended third party beneficiaries of the 1993 letter agreement such that the six-year statute of limitations does not bar their claims. See U.S. Pacific Builders, Inc. v. Mitsui Trust & Banking Co., 57 F.Supp.2d 1018, 1026 (Haw.1999); Restatement (Second) of Contracts § 304 (1981); see also First Hawaiian Bank v. Zukerkorn, 2 Haw.App. 383, 633 P.2d 550, 552 (1981) (new promise by debtor to pay debt whether then barred by the applicable statute of limitations or not, binds the debtor for a new limitations period).
Finally, the obligation of Upland Partners to pay the Long creditors under the 1993 letter agreement was not altered by the Kula-Olinda settlement.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.